Chief Justice Robertson
delivered the Opinion of the Court
The only question we are called on to decide in this. case, is whether a fine for a breach of the peace, assessed upon a warrant issued under the authority of the statute of 1802, (2 Stat. Law, 1390,) for suppressing “riots, routs, unlawful assemblies, and breaches of the peace, a legal bar to a subsequent indictment against the same party, for an assault and battery, in which, the breach of the peace, for which he was so fined, had been committed.
The answer to this question depends altogether on the proper constructive effect of the statute. And if that enactment stood alone, and had been unaffected by any judicial or legislative intimation heretofore applied to it, we should be inclined to the opinion that it should not be so construed as to embrace assaults and batteries. A breach of the peace is incidental to felonious homicide, robbery, rape, burglary, mayhem, and many other public offences, of which a justice of the peace, would have no cognizance in virtue of the statute of 1802. And therefore, as an aggravated assault and battery is punishable by indictment at common law, chiefly because it endangers personal security, just as larceny is indictable only because it strikes at the security of property, it should not be deemed to be included within the contemplated import of the term “breaches of the peace,” in the statute we are considering merely because there *321 is a breach of the peace in every assault and battery. And more especially, as the statute expressly embraces riots, routs, and unlawful assemblies, in all of which a breach of the peace is necessarily involved, and does not specify assaults and batteries; and as, moreover, statutes of England, in imitation of which this of 1802 was enacted, applied to riots, routs and unlawful assemblies, but not to assaults and batteries. Hence it would seem to be but reasonable to presume, that the Legislature intended, by adding “breaches of the peace,” to include those offences only which were breaches of the peace, and nothing else or more—as affrays, for which neither party can be indicted for an assault or battery, because the fighting was mutually voluntary—and those acts which are punishable or repressible, for the public good, merely because they annoy or alarm society—as, for example, making a noise, or carrying arms, in an offensive and disturbing manner. And besides there might be at least some doubt whether a statute, purporting to authorize conviction and punishment for assault and battery, without an indictment and an inquisition by a grand jury, should be deemed constitutional.
Upon a doubtful question of the construction of a statute, a legislative exposition, with an extrajudicial dictum of this court formerly, are allowed, in this case, to have a decisive influence.
But, by an act of 1809, (1 Stat. Law, 1391,) the Legislature seem to have supposed, that the statute of 1802 had constructively repealed the common law, in relation to assaults and batteries, as well as riots, routs, unlawful assemblies, and affrays, and breaches of the peace, and that, therefore, the statute of 1802 included assaults and batteries, and a proviso in the declaratory act of 1809, declares that that enactment shall not be so construed as to subject any person or persons to be twice punished for the same offence.”
And this Court also, in the case of Ely vs Thompson, (3 Marsh.) said that, the act of 1802 constructively embraced assaults and batteries.
Now, although the apparent legislative intepretation of 1809, if ever so clear and decided, should not, if wrong, control the judicial construction of the statute of 1802, and, although also, the opinion in third Marshall, was, as to the point we are considering, extrajudicial: nevertheless, as even without those expressions of *322 opinion by the legislative and judicial departments, there might be some ground for doubting whether the act of 1802 was not intended to apply to assaults and batteries, we feel that we should not now decide the law to be otherwise than it seems to have been hitherto understood to be, according to the concurrent opinion of this Court and the Legislature.
The Legislature may declare that when a man has been punished by one mode of proceeding, he shall not be again punished for the same offence and tho’ the mode referred to, may be under an act not consistent with the constitution, the protection will, nevertheless, be effectual.
And therefore, submitting to those evidences of the import of the act of 1802, upon a point not free from, difficulty and doubt, we must conclude that a judgment rendered under the act of 1802, for an asssault and battery, or rather for a breach of the peace committed by an assault and battery, is a bar to an indictment for the same assault and battery, for, though the magistrate may have had jurisdiction only to impose a fine for the mere breach of the peace, which is not the only delictum, for which an indictment could be maintained for the assault and battery, yet it would be very difficult, if not impossible, for a jury to discriminate between the one and the other, and to determine how much should be assessed for each alone. And therefore, we suppose, that each should be considered as having been understood by the Legislature to be the same offence, when they declared, in 1809, that no person should be “twice punished for the same offence and, even if it were conceded that a magistrate could have no jurisdiction over an assault and battery, still the legislature had a right to declare that after a person had been actually punished by a judgment of a justice for an assault and battery, he should not be punished again for the same offence.
And therefore, as it appears, in this case, not only that Miller had been proceeded against, fairly and without any collusive purpose, under the act of 1802, for a breach of the peace, committed in the assault and battery for which he is now indicted, but that he had actually paid the fine adjudged against him, and thus been once punished — he is not legally liable to punishment upon the indictment for the same assault and battery.
Wherefore, the Circuit Judge having decided in his favor on the same ground, the judgment must be affirmed.