OF

# THE COURT OF APPEALS

## OF KENTUCKY.

### SUMMER TERM, 1860.

CASE 1—INDICTMENT—JUNE 5.

## Commonwealth vs. Foster.

APPEAL FROM ALLEN CIRCUIT COURT.

A fine for a breach of the peace, assessed under the statute for suppressing riots, routs, unlawful assemblies, and breaches of the peace, is a legal bar to a subsequent indictment against the same party for an assault and battery.

A transcript of the record of proceedings in a case before a justice of the peace, certified by him to be a full and complete transcript, is admissible as evidence, although the transcript is in the form of a statement made by the justice of what occurred in the case.

A. J. JAMES, Attorney General, for Commonwealth.

CHIEF JUSTICE SIMPSON DELIVERED THE OPINION OF THE COURT:

This record presents two questions :

*First.* Is a fine for a breach of the peace, assessed under the statute for suppressing riots, routs, unlawful assemblies, and breaches of the peace, a legal bar to a subsequent indictment against the same party, for an assault and battery ?

*Second.* Is the transcript of the record of the proceedings in the case against the defendant for a breach of the peace, so made out and certified as to be admissible as evidence ?

The first question was decided in the affirmative, in the case of the *Commonwealth vs. Miller,* under the statute of 1802, (5

*Dana,* 320.) The Revised Statutes on the same subject are a substantial copy of the statute under which that decision was made, and their construction and legal effect must therefore be deemed to be thereby authoritatively settled and determined.

About the second question there is no real difficulty. The justice of the peace before whom the proceeding for a breach of the peace was had, certifies that the copy adduced in evidence is a full and complete transcript of the records in his office in the case mentioned. The transcript, it is true, purports to be a statement made by him of what actually occurred in the case. That, however, is a mere informality, which does not affect the validity of the record. If the transcript be a true copy of the original record, as it purports to be, there is no valid objection to it. The inference which is attempted to be drawn, from its form and language, that it is a mere statement by the justice, of what occurred on the trial of the proceeding for a breach of the peace, made out by him from memory merely, cannot be allowed to prevail in opposition to his certificate to the contrary.

Wherefore, the judgment is affirmed.