Nelson, J.,
delivered the following opinion dissenting from the majority of the Court:
The plaintiff in error was indicted for an assault with intent to commit murder in the first degree, by means of “certain dangerous weapons, to wit: rocks, *325 stones and clubs; and, on bis trial, was acquitted of the felonious intent, and found guilty of assault and battery. He was fined twenty-five dollars, and sentenced to five days’ imprisonment in the common jail of Knox county, and appeals from this judgment.
In connection with his plea of not guilty, the plaintiff in error filed a plea of autre fois convict, the substance of which is, that he had been arrested upon a State’s warrant, and tried and fined by a Justice of the Peace, for an assault and battery, which he avers to be the same offense as the felonious assault charged in the indictment. He avers that the person upon whom the assault was committed was duly summoned as a witness, and that the justice heard the evidence. He also avers that he pleaded guilty, and has paid the fine and costs, &c.
The Attorney General for the district filed a special demurrer to the plea, which was sustained, and the plaintiff in error was afterwards tried upon the plea of not guilty.
The causes of demurrer are: 1. That a Justice of the Peace has no jurisdiction to try, or otherwise dispose of, felonies. 2. That the offense can not be punished by fine. 3. That the plea sets up, in bar of a prosecution for a felony, a trial for a misdemeanor.
It is now insisted by the Attorney General for the State, that the action of the Criminal Court of Knox county is sustained by Hodges v. The State, 5 Cold., 7. That case was similar to this, with the exception that, instead of a demurrer to the plea, there was a replication averring that the proceedings before the Justice *326 were in fraud of the law, and the jury were directed to disregard the plea.
There can be no doubt that, where the conviction before the Justice is resorted to in fraud of the law, and for the purpose of evading a criminal prosecution in court, it can not be pleaded in bar: State v. Lowry, 1 Swan., 35; State v. Colvin, 11 Hum., 599. Nor can there be any doubt that, in view of the danger of abuses under the statute, which is familiarly designated “the small offense law,” this court has required much strictness in the plea of former conviction: State v. Atkinson, 9 Hum., 677; State v. Spencer, 10 Hum., 431; State v. Epps, 4 Sneed, 552. But, where the offense was the same, the plea was held good, and it was adjudged that if the State intends to rely on fraud or collusion to avoid the force of the plea, it must be by replication: State v. Clenny, 1 Head., 272.
The case of Hodges v. The State, rests upon the assumption that the jurisdiction of Justices is limited to misdemeanors, and does not extend to offenses of the grade of felony; and if, after judgment has been pronounced against a defendant by the Justice for a misdemeanor, an indictment is afterwards found in court upon the same facts for a felony, the simple circumstance that the indictment assumes such a shape precludes him from relying upon the plea of former conviction. If this is so, no conviction before a Justice could be rendered available as a defense. Any assault, or assault and battery, could be treated as a felonious assault, and the defendant would then be deprived of the benefit of his plea, and could be twice tried and punished for the *327 same offense. And this was so, in point of fact, in Hodges v. The State, as it may be fairly inferred from, the opinion, that he pleaded guilty to, and was fined for, an assault and battery by the Justice, and was afterwards convicted and fined for the same identical offense in the Circuit Court. His acquittal of the felonious intent was a legal determination that he was not guilty of a felony, and his conviction of the assault and battery an adjudication that he was guilty of a misdemeanor, as the Justice had decided.
There can be no question that it was not the intention of the Legislature to confer upon a Justice of the Peace any jurisdiction to hear and finally determine cases of felony. In such cases, the Justice, under our statute, as at the common law, makes only a preliminary examination and binds the party over to court, if there is probable cause to believe the defendant guilty. See Code, 5064. But in felonies as well as misdemeanors, the power of judicial determination is, to a certain extent, vested in the Justice. If he is satisfied no offense is committed, he is to discharge the defendant. If it appear that an offense has been committed, and there is probable cause to believe the defendant guilty thereof, he admits the party to bail, if the offense is bailable, or commits him to prison to answer the charge in court, if it is not. Code, 5052, 5063, 5064.
In like manner, he exercises the right of judicial determination under the small offense law. Eor, it is essential that, “If the offense merit a fine exceeding fifty dollars, or imprisonment, or fine of any amount, or imprisonment alone; or if the offense is punishable by *328 both fíne and imprisonment, the Justice shall not render judgment against the offender under the foregoing provisions, but shall bind the party to appear at the next Circuit or Criminal Court:” Code, 5001. Can any other person than the Justice determine, under this section, whether the party shall be bound to appear at court? The statute assumes that the Justice is capable of deciding whether the offense merits a fine exceeding fifty dollars, or imprisonment, or both. It assumes that he knows whether the law punishes by fine and imprisonment. In such cases, he is not to pronounce final judgment; but he, and he alone, can determine whether the cases are of that description or not. Suppose he fines a defendant' fifty dollars for an assault and battery, and the party should be afterwards indicted for the same offense, can the jury impose a fine of one hundred dollars, or any greater amount? If they can, then the defendant can be twice tried and punished for the same identical offense. Such was not the intention of the Legislature, If Justices arc presumed to have sufficient intelligence to> determine, in the most important causes, at least in a preliminary investigation, that an offense is, or is not, bailable, was it not the intention that they should finally determine whether- the offense charged and made out in evidence, falls within the class of small offenses? Such a power of determination clearly exists where the warrant charges a misdemeanor only; but if the warrant charges a felony, then the power to decide whether a smaller offense is included in the felony, and to punish it as such, rests with the courts; and not with the Justices. But, collusion and fraud aside, how can it be said that *329 tbe proceeding before a Justice is a nullity for want of jurisdiction, when the warrant under which he acts shows a case within his jurisdiction? Prima facie, a plea which shows that the Justice had jurisdiction, is a bar to an indictment which the plea avers to be for the same offense; and if the plea is untrue, the only mode of demonstrating its falsity is to file- a replication distinctly showing how the two offenses are not identical, and in what manner the jurisdiction was exceeded, and to establish the facts by evidence.
If, therefore, a Justice decides upon a warrant for an assault and battery, that the defendant is guilty, and fines him accordingly, the defendant can not be, afterwards, lawfully put upon his trial for the same assault and battery with a felonious intent.
This view is sustained by cases of high authority. In England, it was held that a prisoner who had been convicted, summarily, of a common assault, before two Justices, could plead autre fois convict to an indictment for feloniously stabbing, under 9 Geo. iv., c. 31, the circumstances out of which the charge arose being the same in both cases: Roscoe’s Crim. Ev., 6th Am. ed., by Shars-wood, 187. In Massachusetts, it was decided that “a plea of former acquittal of the defendant for an assault and battery, by a Justice of the Peace, was held a sufficient bar to an indictment alleging the same offense, with the additional aggravating circumstance of the complainant’s life having been thereby endangered.” Commonwealth v. Cunningham, 13 Mass. Rep., 245; 1 Wat. Arch. Cr. Pl., 366. A man indicted and acquitted, or convicted of a greater offense, can not be afterwards indicted *330 and convicted a smaller offense included in it; as, for manslaughter, after a conviction or acquittal for murder; for larceny, after a trial for burglary and larceny; for assault and battery, after a trial for riot and assault, and the like. See Slaughter v. State, 6 Hum., 410; 1 Chit. Cr. Law, Riley’s ed., 376, 377; 1 Wat. Archb. Cr. P., 361, 367, 373;. Commonwealth v. Kinney, 2 Virg. Ca., 367; Campbell v. The State, 9 Yer., 333; Esmon v. The State, 1 Swan., 14; Major v. The State, 4 Sneed, 608. So a man indicted and acquitted for a misdemeanor, which, upon the trial, appears to be a felony, can not afterwards be indicted for the felony: Bishop’s Cr. Law, 3d ed., § 889; State v. Chaffin, 2 Swan, 493; Fidler v. The State, 7 Hum., 508; Wharton’s Cr. Law; 1 Wat. Archb. Cr. P., 361; State v. Shepard, 7 Conn., 56; Commonwealth v. Miller, 5 Dana, 320. This general rule would not apply in cases of homicide; for, if the death of the party slain occurred after the conviction for assault and battery which brought about that result, this would be a new fact in the case, and would make a wholly different offense: 1 Bishop’s Cr. Law, 3d ed., 890. If a Judge direct the jury to acquit a prisoner on any ground, however fallacious, and it is done accordingly, he is entitled to the benefit of the verdict: State v. Norvell, 2 Yer., 24; Slaughter v. The State, 6 Hum., 414,
It may be proper to observe, that our statute as to the trial of small offenses, before Justices, is similar to the statute 9 Geo. iv., c. 31, s. 27, 1 Buss, on Cr. L. 5th Am. ed., 760, 761; and, notwithstanding the criticisms upon the act of 10th January, 1848, c. 55, for the punishment of small offenses, it was, with subse *331 quent statutes amendatory thereof, substantially re-enacted in the Code, 4994, 5003. And, although there may be occasional abuse, or misuse, of the statute, through corruption or ignorance, • the spirit of the Constitution requires that no man shall be twice tried and convicted for the same offense.