CASE 47—INDICTMENT—JANUARY 10.

## The Commonwealth v. Bright.

APPEAL FROM SHELBY CIRCUIT COURT.

1. The appellee was tried and convicted before a justice upon a charge of breach of the peace by assaulting and beating F. J. Perkins. Afterwards he was indicted in the Shelby Circuit Court for willfully and maliciously striking and wounding Jackson Perkins with a stone, a deadly weapon. To this indictment he pleaded his former conviction before the justice for the same offense.

2. *Held*—That the first prosecution barred the indictment.

P. W. HARDIN AND J. S. MORRIS FOR APPELLANT.

1. Under the indictment appellee might have been convicted of a felony or of an assault and battery.

2. The first conviction is no bar to the indictment. (Commonwealth v. Hawkins, 11 Bush, 603.)

3. If appellee was in fact tried before the justice for assault and battery under the name of a breach of the peace, the justice had no jurisdiction, and the trial is a nullity. (Gen. Stat., 29, art. 6, sec. 2; Ibid, art. 19; Crim. Code, secs. 13, 177, 262, 263; 1 Acts 1878, pp. 32, 96; Gen. Stat., B. & F., 1221; 5 Dana, 330; Ely v. Thompson, 5, 3 A. K. M., 70; 1 Russell on Crimes, book 3, p. 421; Ibid, book 2, 53; Roscoe's Crim. Ev., 269; 4 Bl. Com., 145; Whart. Am. Crim. Law, vol. 1, book 4; Ibid, vol. 2, book 5; 2 Arch. Crim. Plead., chap. 8; Stephens' Crim. Law, chap. 2, 5, 6, 7, part 5; 1 Toulman & Blair's Rev., vol. 1, part 1, vol. 2, part. 8; 1 Bouv. Law Dic., 219.)

The Commonwealth v. Bright.

MESSRS. CALDWELL & HARWOOD FOR APPELLEE.

1. The question here presented is precisely that presented in Commonwealth v. Hawkins (11 Bush, 603), and Ibid v. Foster (3 Met., 1), and in Commonwealth v. Miller (5 Dana, 320).

2. The indictment is clearly barred by the first prosecution. (Crim. Code, secs. 177, 263; Gen. Stat., art. 19, chap. 29; Session Acts, 1878, vol. 1, 96.)

JUDGE HARGIS DELIVERED THE OPINION OF THE COURT.

The above cases involve the same question, and will be heard together.

James T. Bright was arrested, tried by a jury, convicted and fined before a justice for the offense of breach of the peace committed by assaulting and beating another. Afterwards he was indicted by the grand jury for malicious wounding.

The acts alleged in the indictment to constitute the offense were the identical acts for which he was arrested, tried, and fined for the breach of the peace. The accused interposed a plea of former conviction, in which he disclosed the facts as stated. A demurrer to the plea having been overruled, the Commonwealth confessed the facts stated in the plea to be true, the indictment was dismissed, and the Commonwealth prosecutes this appeal to reverse that judgment.

The statute of 1802 for suppressing "riots, routs, unlawful assemblies, and *breaches of the peace*," received judicial construction in the case of The Commonwealth v. Miller (5 Dana), and apparent legislative interpretation in the act of 1809. Both the Revised Statutes and the General Statutes are in legal effect the same as the act of 1802; and the same construction given to that statute should be applied to the Revised and General Statutes as has been uniformly done by this court.

It is said in The Commonwealth v. Miller (5 Dana, 322), "that a judgment rendered under the act of 1802 for an assault and battery, or rather for a *breach of the peace* committed by an assault and battery, is a bar to an indictment for the same assault and battery."

This court held, in the case of Ely v. Thompson (3 Marshall), that the act of 1802 embraced assaults and batteries by legal construction.

In the case of The Commonwealth v. Foster (3 Met., 1), it is decided under the Revised Statutes that a fine for a breach of the peace is a legal bar to a subsequent indictment against the same party for an assault and battery. And the authority in The Commonwealth v. Miller is recognized and approved as a settlement of the question.

In the more recent opinion in the case of The Commonwealth v. Hawkins (11 Bush, 604), rendered by this court since the adoption of the General Statutes, the same doctrine as in the cases referred to is laid down, and those cases approved, so that in several appeals by the Commonwealth, under each of the statutes construed in the decision of this question, and in force since 1802, this court has uniformly held that a former conviction for a breach of the peace is a bar to a subsequent prosecution for an assault and battery based upon the act constituting the breach of the peace.

The Criminal Code, sections 177 and 263, provides that "a conviction or acquittal by judgment upon a verdict shall be a bar to another prosecution for the offense in *any* of its degrees;" and that "all injuries to the person by maiming, wounding, beating, and assaulting, whether malicious or from sudden passion, and whether attended or not with intention to kill," shall be deemed degrees of the same offense.

The Commonwealth v. Bright.

Each of the injuries so classified includes a breach of the peace. Either maiming, wounding, beating, or assaulting is not only a breach of the peace, but more. Those acts constitute other and higher offenses which embrace a breach of the peace; and whenever the offense for which a person is subject to trial for his acts is selected, and those acts proven and adjudicated under a sufficient accusation by a court of competent jurisdiction, the judgment, upon a verdict therefor, is a bar to any future prosecution for the same acts.

It is urged that the charge contained in the indictment constitutes a felony, and that the breach of the peace is merged in it. It may be admitted that the indictment charges a felony, but there is no merger, because the law is "thus written" in the sections of the Code quoted. Whether the maiming, wounding, beating, or assaulting is attended with malice or not, the necessary ingredient to elevate those acts to the grade of felony, whatever offense those acts will establish when proven, is included in them, and, therefore, as the breach of the peace could be and was legally established by the proof of the identical acts alleged in the indictment, and the justice had jurisdiction to try the accused, and did do it, it follows, to permit him to be tried under the indictment, would be to subject him to jeopardy twice for the same offense. When the Commonwealth elects the offense for which she will try the accused for an act or omission, and does try him, she cannot carve another offense of the same class, but of higher degree, out of such act or omission, and try him again.

If a homicide—and all homicides are classed as degrees of the same offense—be committed, and the Commonwealth,

VOL. LXXVIII.—16

through its authorities having jurisdiction, should arrest, try, and convict the accused of involuntary manslaughter, which is only a misdemeanor, the trial would be a complete bar to an accusation of murder based upon the same homicide. There would be no merger in that case, and there is clearly none in this. It is true that breaches of the peace may be, and most generally are, offenses against the public, and that assaults and batteries are offenses against the person by the strictest definition of those offenses; but, while that is the case, and while all breaches of the peace are not assaults and batteries, or committed by assaults and batteries, yet all assaults and batteries include, and, when proven, will make out a charge of breach of the peace; and as all the statutes from 1802 down are substantially alike, and this court has settled, beyond further question, that they constructively embrace assaults and batteries, thereby establishing the justice's jurisdiction over those subjects, the conclusion is inevitable that the justice tried the accused in this case for an offense which was legally established by proof of acts which constituted a degree of one of the offenses named in subsection 2 of section 263, Criminal Code; and as he has been so tried, and his guilt thus established, section 177, Ibid, declares this "a bar to another prosecution for the offense in *any* of its degrees."

It has been authoritatively determined in this State that the first trial, in such a case as the one before us, is a legal bar to another prosecution for the same acts.

Wherefore, the judgment is affirmed.