## Commonwealth v. Crowder.

(Decided October 19, 1917.)

### Appeal from Ohio Circuit Court.

1. Criminal Law—Jeopardy—Former Conviction.—The elementary rule that a person who has been put in jeopardy for an offense which includes other offenses has been put in jeopardy as to all included offenses, does not apply when a former conviction or acquittal of a misdemeanor was procured by the fraud or collusion of the accused, his friends, or confederates.

2. Criminal Law—Former Conviction.—Under section 179 of the Criminal Code of Practice a reply to a plea of former conviction is not necessary; the plea shall be considered as controverted by denial, and by any matter of avoidance that may be shown in evidence.

3. Criminal Law—Former Conviction.—Upon the trial of a plea of former conviction the burden is upon the accused to show that he has been convicted of the identical offense for which he was being tried; and, the burden of avoiding the plea by showing fraud or collusion on the part of the accused, his friends, or confederates in obtaining the conviction, is upon the Commonwealth.

CHARLES H. MORRIS, Attorney General, and C. E. SMITH, Commonwealth's Attorney, for appellant.

HEAVRIN & MARTIN for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

In answer to an indictment charging Tom. Crowder with wilfully, unlawfully, and maliciously striking and

wounding J. H. Ralph with intent to kill him, Crowder interposed, as a bar to the prosecution under the indictment, the judgment of a justice of the peace of Ohio county, showing that he had been convicted of an assault upon Ralph and fined ten dollars. The plea further alleged that the offense charged in the indictment was the same assault for which he had been fined, and that he had paid the fine.

The circuit court overruled a demurrer to the plea; whereupon the attorney for the Commonwealth confessed, of record, that the judgment rendered against Crowder by the justice of the peace was rendered under the circumstances stated in the plea, and that the facts which constituted the evidence under which Crowder had been adjudged guilty of a misdemeanor, were the same facts upon which the Commonwealth was depending for a conviction in this prosecution for a felony. A trial having been had upon these agreed facts the court sustained the defendant's plea in bar, and dismissed the indictment.

The Commonwealth appeals, and attempts to raise this question: Is a judgment of conviction for a misdemeanor in a justice's court, procured without a trial and by one properly chargeable with a felony, a bar to a subsequent indictment for a felony in the circuit court, upon the same facts?

It is contended in the brief for the Commonwealth that the judgment in the justice's court was obtained by the fraud and collusion of Crowder, and that it is not, for that reason, a bar to this indictment based upon the same facts.

The rule is stated as follows in 12 Cyc. 262:

"The general rule is that a former conviction or acquittal procured by the fraud of the defendant is no bar to a subsequent prosecution. Thus, where the accused hearing of a pending or threatened prosecution by indictment voluntarily or by a collusive arrest goes before a justice of the peace and is by him convicted of a misdemeanor he cannot subsequently plead former jeopardy to an indictment for the same crime. If the prosecution was controlled and managed by the accused he has never been in jeopardy; and the proceedings being void the state may attack it collaterally."

This last rule has received general recognition by the courts of last resort, and by the leading text writers upon the subject. See Bishop Crim. Law, section 1010;

Archb. Crim. Prac. 352; Freeman on Judgments, section 318; 17 Am. Eng. Enc. Law, 593; Shideler v. State, 129 Ind. 523, 28 Am. St. Rep. 206, 16 L. R. A. 225, and the cases there collected.

It is contended by the Commonwealth that a different rule is announced in Commonwealth v. Bright, 78 Ky. 238, and in other similar cases, unless those cases have been overruled by the more recent case of Reddy v. Commonwealth, 97 Ky. 784.

We do not, however, so understand the situation. Commonwealth v. Bright, *supra*, merely announced the rule that when the Commonwealth elects the offense for which it will try the accused for an act or omission, and does try him, it cannot carve another offense of the same class, but of higher degree, out of such act or omission, and try him again. It was but a restatement of the elementary rule that a person who has been put in jeopardy for an offense which includes other offenses, has been put in jeopardy as to all included offenses. Crim. Code, section 177.

But there was no contention in the Bright case that the conviction before the justice of the peace had been procured by the fraud or collusion of the defendant. On the contrary, the opinion merely announced the general rule of law as above indicated, which is undoubtedly sound and applicable in the absence of fraud or collusion on the part of the defendant, his friends or confederates.

Reddy v. Commonwealth, *supra*, merely indicated that a trial and conviction of the accused for a misdemeanor in a justice's court by the collusion of the accused and the officer, is of no validity and affords the accused no protection from a subsequent prosecution for a felony.

The opinion in the Bright case refers only to a *bona fide* prosecution, and treats it as a bar to a second prosecution; while the Reddy case refers to a conviction obtained before a justice of peace by the fraud and collusion of the defendant. In the first class of cases mentioned the conviction before the magistrate is a bar; in the second class it would not be a bar.

To make the prosecution for the misdemeanor in the justice's court operate as a bar to a subsequent indictment for a felony, the first case must be prosecuted by some representative of the Commonwealth, and not merely by the defendant, or his friends or confederates.

Section 128 of the Kentucky Statutes requires the magistrate to give notice to the county attorney in such cases, in order that he may represent the Commonwealth and have a *bona fide* trial; and sections 1073 and 1074 of the Kentucky Statutes require notice to the county attorney in the prosecutions therein mentioned. If the accused, or his confederates ignore these provisions and obtain a trial in which the Commonwealth is not represented or notified, the judgment is no bar to a further prosecution. Carrington v. Commonwealth, 78 Ky. 83; Ballowe v. Commonwealth, 19 Ky. L. R. 1867, 44 S. W. 646; McDermott v. Commonwealth, 30 Ky. L. R. 1228, 100 S. W. 830.

Under section 179 of the Criminal Code of Practice neither a joinder in demurrer, nor a reply to a plea of former conviction is necessary; but the demurrer shall be heard and decided, and the plea shall be considered as controverted by denial, and by any matter of avoidance that may be shown in evidence. Commonwealth v. Rose, 107 Ky. 566.

Upon the trial of this case the burden was upon the defendant to sustain his plea of former conviction by showing that he had been convicted of the identical offense for which he was being tried; and, the burden of showing the collusion on the part of the defendant in obtaining the conviction in the justice's court was upon the Commonwealth. Vowells v. Commonwealth, 83 Ky. 193; Ballowe v. Commonwealth, *supra.*

But when the Commonwealth admitted that the facts in the two prosecutions were the same and grew out of the same assault, the plea of former conviction was sustained; and, as there was no evidence to show that the first conviction had been obtained collusively, the Commonwealth failed to avoid the plea, and the court properly sustained it and dismissed the prosecution.

Judgment affirmed.