## Sexton v. Commonwealth.

(Decided January 24, 1922.)

### Appeal from Letcher Circuit Court.

1. Assault and Battery—Evidence of Provocation Occurring Prior to Difficulty not Admissible.—On a prosecution for assault and battery, evidence that some time prior to the difficulty the prosecuting witness assaulted and abused one of defendant's children and punished another child in the school room, was not admissible, either in justification of the offense, or in mitigation of the punishment.

2.    Criminal Law—Former Jeopardy—Former Acquittal or Conviction for a Breach of the Peace Bar to Prosecution for Assault and Battery.—A judgment of acquittal or conviction for a breach of the peace, unless obtained by fraud or collusion, is a bar to a subsequent prosecution for assault and battery.

3.    Criminal Law—Plea of Former Jeopardy—Burden of Proof.—Under a plea of former jeopardy, the burden was on defendant to show a conviction of the identical offense, and the burden was on the Commonwealth to show collusion on the part of defendant in obtaining such conviction in justice's court.

4.    Criminal Law—Former Jeopardy—Collusive Prosecution—Sufficiency of Evidence to Show Collusion.—Where, on a trial for assault and battery, the defendant testified that a warrant had been issued, without his procurement, charging him with the offense of a breach of the peace, growing out of the same acts for which he was being tried, and that he submitted to the jurisdiction of the court, pleaded guilty and was fined one dollar, and offered in evidence a certified copy of the judgment of conviction, the fact that neither the prosecuting witness nor his father procured the warrant to be issued, or was present at the trial, was not sufficient to show that the judgment was obtained by collusion, as the warrant might have been issued by the county attorney or some member of the public interested in the enforcement of the law, and both the county attorney and the prosecuting witness may have been afforded an opportunity to be present at the trial, but failed to attend.

5.    Criminal Law—Appeal and Error—Former Conviction.—Where, on a prosecution for assault and battery, the Commonwealth failed to show that a former judgment, convicting the defendant of a breach of the peace, was obtained by collusion, the trial court should have admitted in evidence the certified copy of the judgment of conviction, and have sustained the plea of former conviction.

R. MONROE FIELDS for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

John Sexton, who was convicted of assault and battery and his punishment fixed at a fine of $100.00 and fifty days in jail, seeks a reversal of the judgment.

According to the evidence for the Commonwealth, the facts are as follows: On December 17, 1920, as Claude Collins and Orbin Hammons were passing the home of the defendant, the defendant came out and said: "Claude, I am going down to your house to see your father. I

want to find out who is teaching this school, whether you or Henry Brown, and I want to know why you have been abusing my children.'' Collins replied that he had not been abusing defendant's children, whereupon defendant struck Collins with his fist, knocking him down twice, bruising his face and causing his nose to bleed. On the other hand, the defendant testified that when Collins and Hammons came up, he told Collins that he had started down to his house to talk to his father about his abusing his children. Collins said that he need not go to see his father, but that he was the one to see, and called the defendant a vulgar name. Defendant told Collins that if he didn't hush up, he would slap him. Collins then picked up two rocks and defendant struck Collins to prevent him from hitting and injuring him with the rocks. He did not strike Collins but once, and that was with his open hand. Defendant further testified that, about a year before the difficulty, Collins had assaulted and beaten defendant's son, who was an invalid and much smaller than Collins; that, since that time, Collins had repeatedly abused his son on many occasions, and that some time prior to the difficulty Collins, who was in charge of the school in that district, had punished one of defendant's children by requiring him to stand up on the floor in the school room. The court admonished the jury not to consider this evidence. Thereupon the defendant moved the court to admonish the jury that the evidence might be considered in mitigation of the punishment that might be inflicted upon him, but the motion was overruled.

The defendant further testified that S. R. Combs, a justice of the peace of Letcher county, issued a warrant for him charging him with the offense of a breach of the peace, by reason of the acts charged in the indictment; that said warrant was issued on the 20th day of December, 1920, and that he had nothing to do with having or causing the same to be issued; that after same was issued he appeared before said justice of the peace, and entered a plea of guilty to the charge in the warrant, and that the justice of the peace thereupon entered judgment against him, imposing upon him a fine of one dollar, which he had paid. He also offered in evidence a copy of the judgment duly certified by S. R. Combs, the justice of the peace before whom the trial was had. Thereupon the Commonwealth objected to the reading of the certified copy of the judgment, and the court, after inquiring of

the defendant whether or not Claude Collins or his father was present at the trial or had anything to do with causing the warrant to issue and the defendant had answered in the negative, sustained the objection and refused to allow the copy of the judgment to be read to the jury.

The first ground urged for reversal was the refusal of the court to admit evidence of the trouble that occurred between the defendant's children and the prosecuting witness. The law, out of respect for the frailty of human passions, may look with an eye of some indulgence upon a violation of good order occasioned by provocation so recent and immediate as to induce a presumption that the violation was committed under the immediate influence of the passion thus wrongfully excited, but where there has been time for deliberation, the peace of society requires that men should suppress their passions, and neither reason nor law will suffer them to claim a diminution of their responsibility for their misconduct. Rochester v. Anderson, 1 Bibb 428. Here, the assault and abuse of one of defendant's children, and the punishment of the other in the school room did not occur immediately before or at the time of the difficulty, but took place some time prior thereto. Therefore, the assault committed by the defendant took place after the lapse of a sufficient cooling time, and must be regarded as the result of deliberation. That being true, the evidence referred to was not admissible either in justification of the offense, or in mitigation of the punishment. Slater v. Sherman, 5 Bush 206; 2 R. C. L. 554.

Another contention is that the court erred in not sustaining the defendant's plea of former conviction and dismissing the prosecution. It has long been the settled rule in this state that a judgment of acquittal or conviction for a breach of the peace, unless obtained by fraud or collusion, is a bar to a subsequent prosecution for assault and battery. Commonwealth v. Hawkins, 11 Bush 603; Commonwealth v. Foster, 3 Metcalfe 1; Commonwealth v. Bright, 78 Ky. 238. It is also the rule that, upon a trial of a plea of former acquittal or conviction, the burden is upon the accused to show that he was convicted of the identical offense for which he was being tried, and the burden of avoiding the plea by showing fraud or collusion is upon the Commonwealth. Commonwealth v. Crowder, 177 Ky. 268, 197 S. W. 643. It ap-

pears from defendant's evidence that a warrant was issued, charging him with a breach of the peace committed by assault and battery, and that he had nothing to do with the procurement of the warrant. It further appears that he submitted himself to the jurisdiction of the court and was fined one dollar for the offense. He also offered in evidence a certified copy of the judgment of conviction. The court refused to admit the copy in evidence, on the ground that neither Claude Collins nor his father was present at the trial or had anything to do with causing the warrant to issue. The presumption is that the magistrate acted in good faith, and the mere fact that neither the prosecuting witness nor his father procured the warrant to be issued, or was present at the trial, is not sufficient to show collusion, as the warrant might have been issued by the county attorney or some member of the public interested in the enforcement of the law, and both the county attorney and the prosecuting witness may have been afforded an opportunity to be present at the trial, but failed to attend. It may be that, on another hearing, a further development of the facts will show that the judgment was obtained by collusion, but we are clearly of the opinion that, on the showing now before us, the trial court should have admitted the certified copy of the judgment of conviction and should have sustained the plea of former conviction.

Other errors are relied on, but as probably they will not occur on another trial, we refrain from discussing them.

Judgment reversed and cause remanded for a new trial consistent with this opinion.