Opinion delivered June 5, 1886.

[Nos. 3713 and 3714.]

## A. WADGYMAR *v.* THE STATE.

MISDEMEANOR—INFORMATION.—AFFIDAVIT is an indispensable prerequisite to the sufficiency of an information to charge a misdemeanor, and must appear as a part of the record on appeal. Neither of the records in these cases bring up affidavits, and the convictions must, therefore, be set aside.

APPEAL from the County Court of Dimmit. Tried below before the Hon. J. T. Longino, County Judge.

The convictions were for violations of the local option law, and the penalties imposed were a fine of fifty dollars in one case, and one hundred dollars in the other.

*Hazlerigg & Vandervoot, M. L. Moody, Earnest & Knott,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WILLSON, JUDGE. These appeals are from convictions had upon informations, and the records do not contain the oaths in writing required by the statute in such cases. (Code Crim. Proc., Art. 431.) The oath required by the article above cited is a necessary prerequisite to the validity of a prosecution by information, and

the record on appeal must contain such oath, otherwise the con-
viction must be set aside. (Lackey v. The State, 14 Texas Ct.
App., 164; Rose v. The State, 19 Texas Ct. App., 470.)

The judgments are reversed and the causes are remanded.

*Reversed and remanded.*