Williams v. Commonwealth.

---

CASE 60—INDICTMENT—DECEMBER 7. .

# Williams v. Commonwealth.

### APPEAL. FROM KNOX CIRCUIT COURT.

1. CRIMINAL LAW—CONVICTION OF LESSER OFFENSE.—Under an indictment for maliciously shooting at and wounding another with intention to kill, under section 1166 of the Kentucky Statutes, a conviction may be had for shooting and wounding in sudden heat and passion under the provisions of section 1242, the latter being a lesser degree of the former offense, and a conviction under it will bar a prosecution under the other.

2. EVIDENCE.—Evidence as to the extent of the injury inflicted upon the prosecuting witness is competent, not only to show the intent with which the injury was inflicted, but for the jury to consider in fixing the punishment.

3. EVIDENCE.—Where the evidence showed that the defendant drew the pistol, had hold of it, and was scuffling with the prosecuting witness for its possession at the time it went off, the jury were warranted in concluding that he fired it.

JOHN T. HAYS FOR APPELLANT.

1. Shooting and wounding in sudden heat and passion under section 1242 of the Kentucky Statutes is not a degree of the offense of malicious shooting and wounding with intent to kill, under section 1166; to make it a case of malicious shooting and wounding with intent to kill, the Commonwealth must make out a case such as would be murder if death had been caused by the wound, and therefore malicious shooting and wounding with intent to kill is a degree of murder; to make it a case of shooting in sudden heat and passion, under section 1242, it is necessary to make out such a case as would be manslaughter if a homicide resulted from the wound.

2. The statement of the prosecuting witness as to how long he had laid in bed was incompetent. Kennedy v. Commonwealth, 14 Bush, 340; Radford v. Commonwealth, 9 K. L. R., 378; Scott v. Commonwealth, 94 Kentucky, 511.

3. There was no evidence to support the verdict.

W. S. TAYLOR FOR APPELLEE.

1. The offense described in the second instruction was a degree of the offense charged in the indictment. Section 263 of the Criminal Code; Tyra v. Commonwealth, 2 Met., 1.

2. It was certainly proper evidence to go to the jury for the prosecuting witness to state that the wound had made him a cripple for life, and that he had been confined to his bed as a result thereof for more than four months.

JUDGE DuRELLE DELIVERED THE OPINION OF THE COURT.

Upon an indictment for maliciously shooting at and wounding another with a deadly weapon, with an intention to kill such person, the appellant was found guilty of shooting and wounding in sudden heat and passion, and his punishment fixed at a fine of $500. The evidence tended to show that, after a quarrel, the defendant attacked one Jouwdy, and drew a pistol, as he claims, for the purpose of striking Jouwdy with it; that in the scuffle the weapon was discharged, and Jouwdy was struck in the knee. The grounds for reversal relied on are:

1st. That the second instruction as to shooting and wounding in sudden heat and passion, without previous malice, was error, because not a degree of the offense charged in the indictment, viz., Malicious shooting and wounding with intent to kill. This exact point seems to us to be decided in Tyre v. Commonwealth, 2 Met., 2, against appellant's contention; and we think that the question is settled by section 263 of the Criminal Code, which provides that the offenses named in each subdivision of the section shall be deemed degrees of the same offense in the meaning of sec-

tion 262, and in the second subdivision names all injuries to the person by maiming, wounding, beating, and assaulting, whether malicious or from sudden passion, and whether done or not with the intention to kill. The offense denounced by section 1242, Kentucky Statutes, is, under this section of the Code, clearly a degree of the offense denounced by section 1166, and a conviction under the former section would bar a prosecution under the latter.

2d. The next ground urged for reversal is the admission of testimony by the prosecuting witness as to the amount and extent of his injury. We think this testimony competent, not only as tending to show the intent with which the injury was inflicted, but as proper for the jury to consider in fixing the amount of punishment.

3d. The third ground urged for reversal is that there was no testimony to show that appellant fired the pistol. Inasmuch as the testimony clearly showed that he drew the pistol, had hold of it, and was scuffling with Jouwdy for its possession at the time it went off, we think the jury were warranted in concluding that he fired it.

Judgment affirmed.