LEE DAY V. THE STATE.

No. 10141. Delivered Oct. 6, 1926.

**1.—Theft a Misdemeanor—Complaint and Information—Both Essential to Prosecution.**

In prosecutions in county courts for misdemeanor, over which the county court has original jurisdiction, there must be both a complaint and an information based on such complaint presented, and in the absence of either no jurisdiction is shown in the county court. See Art. 415 C. C. P., 1925, following Wadgymar v. State, 21 Tex. Crim. App. 459 and other cases cited.

**2.—Same—Information—Sufficiency of—Charge of Court.**

Where an information charges in two counts the theft of different

articles, on the same day, and the evidence discloses that the different articles were taken at the same time, there is but one offense, and a conviction under both counts, with a penalty for each count, cannot stand.

### 3.—Same—Continued.

An information may contain two counts, charging different transactions, and both counts may be submitted to the jury and a conviction under both counts will be sustained, provided that the evidence establishes clearly that there were two different transactions. In the instant case. the two counts in the information might charge separate misdemeanor thefts, but when the evidence is looked to, only one offense is shown to have been committed, and the conviction for two offenses, with two penalties, cannot stand. See Blackwell v. State, 92 Tex. Crim. Rep. 473, and authorities therein cited.

Appeal from the County Court of Lampasas County, J. Tom Higgins, Judge.

Appeal from a conviction for two misdeameanor thefts, penalty six months in jail for each offense.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—This prosecution is by information. The record contains no complaint as a basis. for the information. In such condition no jurisdiction is shown in the county court. Art. 415, C. C. P. 1925. Wadgymar v. State, 21 Tex. Ct. App. 459. Diltz v. State, 56 Tex. Crim. Rep. 127. Other authorities are annotated in note 5 under said Art. 415, in Vol. 1, Vernon's 1925 C. C. P. We have not based disposition of the appeal on the defect in the record pointed out, assuming that the clerk in preparing the transcript omitted the complaint, but if in fact no complaint is on file supporting the information the trial court is directed to dismiss the prosecution. Such would be the proper and necessary order of this court if reversal was not called for upon other grounds.

In one count the information charges appellant with the theft of 380 pounds of seed cotton of the value of $20.00 from Ernest Smith on October 31, 1925. In another count he is charged with theft of a cotton sack valued at $1.50 from the same party on the same date. The court's charge is so worded as authorized separate conviction upon each count, even though the evidence shows that the cotton and cotton sack were taken at the same time which would constitute but one offense. No objection was made to the charge, if so the record fails to show it. The jury

returned a verdict finding appellant "guilty of stealing the cotton and cotton sack, and assesses his punishment at six months in jail for each offense, without fine." This verdict was received by the court and judgment entered thereon condemning appellant to confinement in the county jail for twelve months.

Appellant urged in his motion for new trial that the verdict finds no support in the evidence because it shows only one violation of the law for which two penalties cannot be inflicted. We think this contention must be sustained. This is not an instance where in separate counts distinct misdemeanor offenses are charged, in which case it has been held convictions might be had for the separate offenses proved and penalties assessed for each offense. (See Blackwell v. State, 92 Tex. Crim. Rep. 473, 244 S. W. 532, and authorities therein cited.) The two counts in the present information might charge separate misdemeanor thefts, but when the evidence is looked to only one offense is shown to have been committed. The cotton was in the field in a pile on top of which was the cotton sack. The sack and cotton disappeared at the same time. There is nothing in the evidence to indicate they were taken at different times. On the other hand, the logical conclusion from the evidence is that the theft of the sack and cotton was one transaction, consummated at a single "taking" and constituting but one offense.

For the reasons stated the judgment must be reversed and the cause remanded.

*Reversed and remanded.*