JOHN THOMAS V. THE STATE.

No. 11012.      Delivered June 24, 1927.

**1.—Carrying a Pistol—Arrest of Judgment—Motion Erroneously Denied.**

Where, on the hearing of his motion in arrest of judgment, it was shown that the complaint was not in fact sworn to before the County Attorney, nor the information signed by him, but that his stenographer acted for him in his absence, the motion should have been sustained.

**2.—Same—Jurat of Officer—To Complaint—Absolutely Necessary.**

Article 415 of our C. C. P. states that "No information shall be presented until affidavit made by some credible person charging the defendant with an offense, etc." The affidavit to the complaint must be administered by some one legally qualified to administer oaths.

**3.—Same—Motion in Arrest—Rule Stated.**

Article 763, C. C. P., states that a motion in arrest of judgment shall be granted upon any ground which may be good upon exception to an indictment or information. Under the facts and authorities, the trial judge fell into error in overruling appellant's motion in arrest of judgment. See Stacy v. State, 96 Tex. Crim. Rep. 499.

Appeal from the County Court of Harrison County. Tried below before the Hon. Jno. W. Scott, Judge.

Appeal from a conviction for carrying a pistol, penalty six months in jail.

The opinion states the case.

*Hale, Scott, Casey & Hale* of Marshall, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of unlawfully carrying a pistol, and his punishment assessed at six months in jail.

The record discloses that the appellant was charged by complaint and information with unlawfully carrying a pistol on or about December 12, 1926. The affidavit purports to have been signed and sworn to by J. B. Henderson before John E. Taylor, the County Attorney, and the information based thereon purports to have been signed also by the said John E. Taylor as County Attorney.

After the appellant was convicted, he filed a motion in arrest of judgment, alleging that the complaint upon which he was convicted was invalid for the reason that the purported affiant did not appear before an officer authorized by law to administer oaths and did not make any oath to said complaint, and that although said complaint purported to be signed and sworn to before the County Attorney and the information purported to be signed by the said County Attorney, neither of these statements was in fact true. In support of this motion in arrest of judgment evidence was heard by the court which showed without contradiction that the complaint was not sworn to before the

County Attorney and that the information was not signed by him, but that in both instances the County Attorney's stenographer, in his absence, signed his name to said documents. The action of the court in overruling appellant's motion in arrest of judgment is brought before this court for review in bill of exception No. 1.

Article 415, C. C. P., states that:

"No information shall be presented until affidavit has been made by some credible person charging the defendant with an offense," etc.

Article 763, C. C. P., states that a motion in arrest of judgment shall be granted upon any ground which may be good upon exception to an indictment or information for any substantial defect therein. This court, speaking through Presiding Judge Morrow, in the case of Thomas v. State, No. 11014, decided June 15, 1927, yet unreported, wherein the facts were similar to those in the instant case, held that the complaint was void and reversed and dismissed the case, citing Stacy v. State, 96 Tex. Crim. Rep. 499, and Day v. State, 286 S. W. 1107. Under the undisputed facts in the instant case and the authorities, supra, it is plain that the County Judge, in overruling appellant's motion in arrest of judgment, fell into error.

The judgment of the trial court is therefore reversed and the cause ordered dismissed.

*Reversed and dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.