## Edwards v. Commonwealth.

(Decided March 7, 1930.)

J. R. WHITE for appellant

J. W. CAMMACK, Attorney General, and SAMUEL B. KIRBY, JR., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS— Affirming.

The appellant, Waverly Edwards, was indicted by the grand jury of Barren county in which he was accused of committing one of the felony offenses denounced by section 1166 of our present statutes, i. e., willfully and maliciously striking another with a deadly weapon, and with the intent to kill him, but from which he did not die. Upon his trial under a plea of not guilty, and one of former conviction, he was convicted of one of the misdemeanors denounced by section 1242 of the statute, i. e., of striking one with a deadly weapon in sudden heat and passion, and without killing the person struck, and which this court has held was a degree of the felony created by the same acts, but done with malicious intent as denounced by section 1166. See Williams v. Commonwealth, 102 Ky. 381, 43 S. W. 455, 19 Ky. Law Rep. 1427; Housman v. Commonwealth, 128 Ky. 818, 110 S. W. 236, 33 Ky. Law Rep. 311; Balee v. Commonwealth, 153 Ky. 558, 156 S. W. 147; and Gillum v. Commonwealth (Ky.) 121 S. W. 445 (not elsewhere reported). On this motion

for an appeal appellant by his counsel, urges as grounds for reversal: (1) Error in the instructions submitted to the jury, and (2) that his motion for an instruction of peremptory acquittal should have been sustained, each of which will be disposed of in the order named.

1. In support of ground 1 it is first earnestly insisted that no felony instruction should have been given, since there was no evidence to support it, and with which we are inclined to agree. The deadly weapon with which the striking was alleged to have been done was expressly charged to be brass knucks or some other hard substance of a deadly nature; but the evidence entirely failed to support that charge. Not a witness, including the prosecuting one, testified that he was struck with anything other than defendant's fist. The utmost that the prosecuting witness testified to on that subject was: "I did not see anything in his (defendant's) hands, but from the way the lick felt, he may have had something in his hands, but I did not see anything." Other witnesses who saw the fight testified that they saw nothing in defendant's hands; while still others stated that he had nothing therein, and he positively denied the charge. However, he admitted striking the prosecuting witness with his fist, knocking him down two or three times and severely wounding him upon the head and face, from which he bled profusely, and which strongly indicated that the assault was somewhat aggravated and more than the right of self-defense permitted for defendant's protection, and which, no doubt, furnished one of the reasons why the jury disallowed that defense.

There being no evidence of a tangible or substantial nature in support of the felony accusation in the indictment it was error to have submitted it, but inasmuch as the jury assessed no felony punishment but convicted defendant of only a misdemeanor, we would not be authorized under the numerous opinions of this court to hold that the error in giving the felony instruction would authorize a reversal of the judgment, and this criticism of the instruction may be dismissed without further discussion as being immaterial and without merit.

The second complaint of the instructions submitted by the court is directed to the *qualification* of the instruction submitting defendant's plea of former conviction and is designated in the record as "Instruction No. 8," and which says: "Unless you believe from the evidence beyond a reasonable doubt that the defendant procured or caused a warrant for himself for the purpose of avoid-

ing a trial and without representation of the Commonwealth (attorney) notified or present for the purpose of said trial." The first part of that instruction directed the jury to acquit defendant if it believed that after the commission of the offense he was arrested for breach of the peace, consisting of the same acts upon which the indictment was found and was tried and convicted thereunder, but not to do so if the jury further believed the facts contained in the inserted qualification; and it is argued in support of this criticism that there was no evidence to justify the qualification.

It is furthermore insisted by counsel for appellant that under the principles announced in the case of Commonwealth v. Crowder, 177 Ky. 268, 197 S. W. 643, such qualification should in no event be attached to defendant's plea of former jeopardy, since it is argued that the opinion therein disallows it only when the indictment properly (and truthfully) accuses defendant of a felony (and which was done in this case), but, as argued, with no facts to support it, and therefore he was erroneously and wrongfully charged with the commission of a felony and he should have been entitled to the benefits of the former jeopardy plea as applicable when only a misdemeanor is charged in the indictment and the former jeopardy plea relates to a conviction or an acquittal of another misdemeanor growing out of the same facts. But counsel is mistaken in his interpretation of the Crowder opinion. It is true the question for determination in that case was thus stated therein: "Is a judgment of conviction for a misdemeanor in a justice's court, procured without a trial and by one properly chargeable with a felony, a bar to a subsequent indictment for a felony in the circuit court, upon the same facts?" But that statement must be considered in the light of the facts of that case, among which were that the defendant therein was originally properly chargeable with a felony.

In propounding the above question in that opinion, it was never meant to say that it was requisite for one or the other of the offenses involved under such a plea (i. e., the one for which he was convicted, or the one for which he was being tried) was a felony properly chargeable as such, since, as we have heretofore held in a number of cases, the plea is available where both of such offenses were misdemeanors and where no felony could properly be charged. Commonwealth v. Hawkins,

11 Bush, 603; Commonwealth v. Foster, 3 Metc. 1; Commonwealth v. Bright, 78 Ky. 238; and Sexton v. Commonwealth, 193 Ky. 496, 236 S. W. 956, 957, in which latter opinion it was said: "It has long been the settled rule in this state that a judgment of acquittal or conviction for a breach of the peace, unless obtained by fraud or collusion, is a bar to a subsequent prosecution for assault and battery." We therefore conclude that ground 1 is without merit.

2. Under this ground it is most earnestly insisted that there was no evidence, or facts or circumstances, indicating any fraud, collusion, trickery, or subterfuge in procuring the defendant's former conviction, and for that reason his defense of former jeopardy should have been sustained and the jury peremptorily instructed to acquit him; but we do not so interpret the former opinions of this court in the cases supra as applied to the facts of this one. The last two cited cases from this court (the Crowder and Sexton ones) cite many of our former opinions and go into a somewhat thorough discussion of the question, and from them it will be found that a bona fide trial, stripped of all fraud, collusion, or efforts of deception on the part of defendant, will bar other prosecution based upon the same facts for any offense that could be legally carved out of such facts or based thereon, and of which the one involved in the former trial was a degree; but if such conviction was procured through the fraud or collusion of defendant and with the purpose of avoiding a fair and impartial trial to the commonwealth; to the end that it may be afforded an opportunity to develop the facts, then such a conviction or acquittal will not be sufficient to support the plea. It is so expressly stated, not only in the opinions supra, but in all text-writers upon the subject, and it also appears from those opinions, that such qualifying facts as destroy the efficacy of the plea need not expressly appear or be admitted or proven uncontradictedly. On the contrary, if the facts and circumstances are such as to authorize the inference that the former trial was not of the bona fide nature indicated, then the question should be submitted to the jury by an appropriate instruction, and which was done in this case, but which is one of the subject-matters of complaint in ground 1 already disposed of.

In the Crowder opinion the facts under which the former trial was had do not appear and it was agreed by the commonwealth that there had been a former trial

based upon the same facts. However, there was no testimony from which fraud or collusion could be inferred as entering into the former trial relied on in support of the jeopardy plea, and it was held that the burden was upon the commonwealth to adduce such testimony, but which it failed to do in that case. The same conclusion was reached in the Sexton case under a similar condition of the record to that found in the Crowder opinion. But in this case the warrant for defendant's arrest (and under which he was tried and fined one dollar and costs and upon which he relies in support of his jeopardy plea) was issued at his own instance and upon his own affidavit. He carried along with him, to the magistrate who issued the warrant in the manner indicated, two of his own witnesses, and was then and there immediately tried upon his and their testimony. The assault that he made upon the prosecuting witness, we repeat, was a most aggravating one, and the fact that he initiated the prosecution against himself and was tried under the circumstances with only his own witness and himself detailing the facts, plus the further fact of an immediate trial, without notification of the county attorney, or even the assaulted witness for the commonwealth, were in the aggregate sufficient to authorize the complained of qualification to instruction No. 8, and which facts clearly differentiate this case from those found in the Crowder, Sexton, and other opinions referred to.

In the Crowder opinion, we repeat, it does not appear how or in what manner defendant was arrested and tried and upon which trial he relied in support of his jeopardy plea, but in the Sexton opinion it did expressly appear that the official before whom the former trial was had issued the warrant of arrest in the absence of defendant and without any procurement or solicitation from him, and those facts were emphasized in the opinion and commented upon as showing the absence of fraud or collusion in the procurement of the first conviction or acquittal relied on in bar of the prosecution. We therefore conclude that not only did the court not err in submitting the qualification to instruction No. 8, but also that the jury was authorized to find the facts contained in it, and to deny the defendant the benefit of the plea, upon the ground that his former conviction was procured in a manner to disentitle him to rely on it as pointed out in the above cited opinions.

Wherefore, the motion for the appeal is sustained, the appeal is granted, and the judgment is affirmed.