## Ex Parte Feliciano Hernandez.

No. 16838.   Delivered April 4, 1934.
Rehearing Denied May 16, 1934.

The opinion states the case.

*Oliver W. Johnson,* of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—From an order of the County Court at Law No. 1 of Bexar County, Texas, remanding appellant to the custody of the sheriff after a hearing upon his habeas corpus, this appeal was taken.

It appears from the record that appellant was convicted in the court mentioned, of a simple assault upon one Victoria F. Hernandez, and a fine of five dollars assessed.  If we understand the contention made upon the presentation of this matter in the court below, it was that the justice court, in which this prosecution was initiated, had no jurisdiction, it being asserted that appellant, at the time of the alleged commission of the offense, was an adult male person, and the person upon

whom the assault was committed was a female, and hence the offense, if any, was an aggravated assault, one of which the justice court has no jurisdiction. Examining the complaint filed in said justice court, we observe nothing in same supporting appellant's contention. It was not averred therein that Feliciano Hernandez was a male person of any age, nor that Victoria F. Hernandez was a female. We are not informed in any way that there was any effort made in the trial of the case, in either the justice court or in the county court on appeal, to raise the question, if in fact it be true, that appellant was an adult male and Victoria Hernandez a female. Appellant made a motion in arrest of judgment in the county court, setting up for the first time that he was an adult male and that Victoria Hernandez was a female. We are of opinion this effort on the part of appellant came too late. One who is a party to a suit, and in possession of facts which might affect the jurisdiction of the court trying the case, who conceals these facts, and does not present same to the court until after the trial is had, may not then for the first time make known his complaint.

We are of opinion that appellant was properly remanded.

The judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The complaint filed in the justice court charged a simple assault only, of which said court had jurisdiction. It is appellant's contention that as a matter of fact he was an adult male and the assaulted party was a female, and that if guilty at all he would be guilty of an aggravated assault under article 1147, subd. 5, P. C.

If the officers of the State knew these to be the facts could they elect to prosecute for a simple assault in the justice court? The books contain many cases in which parties have been prosecuted in the county court and convicted of aggravated assault upon proof of facts which showed the offense to have been of a higher grade, and upon a later effort to prosecute in the district court for assault with intent to murder, a plea of former jeopardy has been sustained; it being held in such cases that the State may carve the lesser offense, and because the prosecution therefor proceding upon information, and not by complaint alone, accused could not be placed in jeopardy a second time for the same criminal act. Grisham v. State, 19 Texas App., 504, Paschal v. State, 49 Texas Crim. Rep., 114. If an effort should be made in the present case to prosecute appellant in the county

court for an aggravated assault based upon the same criminal act which was the basis of the prosecution in the justice court the same principle would apply and former jeopardy might be plead, but for the impediment of the Statute, article 536, C. C. P., which reads as follows: "A former judgment of acquittal or conviction in a court of competent jurisdiction shall be a bar to any further prosecution for the same offense, but shall not bar a prosecution for any higher grade of offense over which said court had not jurisdiction, unless such judgment was had upon indictment or information, in which case the prosecution shall be barred for all grades of the offense."

Under the statute quoted a former conviction in a justice court, being upon complaint alone, will not bar a prosecution in the county or district court for a higher grade of offense, but there could not be a second conviction for the lesser offense, for which conviction was suffered in the justice court. (Branch's Ann. Texas P. C., sec. 631, and authorities cited).

If it should appear that prosecution was pursued both in the justice court and county or district court for the fraudulent purpose of making accused suffer two penalties for the same criminal act a different question would be presented from the one before us in the present instance.

It is doubtful if under the facts this court should have taken cognizance of the present case. If appellant had challenged in the justice court the jurisdiction therof in a timely manner, and it had been overruled and a fine assessed against him, and upon appeal to the county court the jurisdictional question had again been presented in timely manner and overruled and a fine less than $100 assessed, no appeal could have been taken to this court under the provision of article 53, C. C. P., which excludes from this court appellate jurisdiction in any case which has been appealed from an inferior court to the county court, where in the latter court the fine imposed did not exceed one hundred dollars. Appellant was fined only five dollars in the county court. No appeal could have been prosecuted therefrom seeking a review of any question. We think it gravely doubtful if the writ of habeas corpus could be resorted to under the circumstances. The question of jurisdiction turns upon the facts, and not upon a legal proposition apparent from the record.

The motion for rehearing is overruled.

*Overruled.*