EX PARTE DR. H. E. LUEHRS.

No. 24209. October 20, 1948.

Hon. A. J. Pope, Jr., Judge Presiding.

*Berger, Swearingen & Blackmon,* of Corpus Christi, for relator.

*King & Nesbitt,* of Corpus Christi (Special prosecutors), and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

This is an application for a writ of habeas corpus granted by the District Judge of Nueces County, wherein it was alleged that relator was held in custody and directed to make a bond to keep the peace for a period of one year in the sum of $3,000.00. Relator has appealed from this order of the District Judge, it being based upon an order of a Justice of the Peace setting the bond at a greater amount, but reduced herein to the above sum of $3,000.00 by the District Judge.

The testimony heard in both courts is present here, and the State's witnesses make out a clear case of a threat upon the part of relator to take the life of Dr. Pilcher, relator denying any such threat or intention. We are of the opinion that the court was correct in finding such threat to have been made while relator was in possession of a pistol, that same was seriously made, and that there was just reason to apprehend that the offense was intended to be committed. Hence, he was required to make bond to keep the peace in the sum of $5,000.00 by the Justice of the Peace, which bond was reduced by the District Judge to $3,000.00 in this cause here under consideration.

Touching the State's testimony herein, which is denied by relator, we agree with the trial judge that a threat to take the life of Dr. Pilcher was shown. But it is contended by relator that the facts show same not to have been seriously made, that same was an idle threat, and as evidence of its lack of seriousness, relator says that there is shown ample opportunity upon his part to take Dr. Pilcher's life and also a failure to execute such threat. It is shown by proof that relator could have seen Dr. Pilcher through several doors of his office at the time it is said he made the threat and was in possession of the pistol, and he merely said at the mention of Dr. Pilcher's name, "that is who I am after", and continued his walk down the hallway in front of Dr. Pilcher's office. If we should take the criterion of-

fered us by relator relative to an attempt to shoot Dr. Pilcher, the courts would have to remain inactive until an effort to kill had been made, and another and more serious offense would be present.

The very purpose of Articles 79 and 80, C. C. P., passed from the Old Code into the present 1925 Revision, was to halt such threats prior to an effort at their execution, and we think these articles were properly and timely invoked by the State.

We seen no error shown herein, and relator is therefore remanded as under the court's judgment requiring him to give bail in the sum of $3,000.00. It is so ordered.