## SMITH *v.* STATE.

Jan. 25, 1954

No. 38987          50 Adv. S. 63          69 So. 2d 837

*Russell & Little,* Magee, for appellant.

*John E. Stone,* Asst. Atty. Gen., Jackson, for appellee.

ROBERDS, P. J.

Appellant was found guilty of the unlawful possession of intoxicating liquors and sentenced to pay a fine of $500 and to serve ninety days in jail. .He appealed.

■■ He filed a plea of former jeopardy. The trial judge denied the plea. This is argued as error. That action was taken under these circumstances. The Sheriff of Simpson County, with two of his deputies, armed with a proper warrant, on April 19, 1952, at 6:30 o'clock in the evening, searched the combination store and home of appellant, and therein found a quantity of whiskey. The sheriff did not make affidavit against appellant but waited until the September term of the circuit court and presented the matter to the grand jury. The appellant was then duly indicted. In the meantime, between the time of the search and the indictment, H. D. Smith made an affidavit before W. D. Hilton, a justice of the peace, charging appellant with the same crime. The affidavit alleged that the crime was committed on the same day and at the same hour that the sheriff made the raid upon the premises of appellant, as above stated. The crime occurred in District 2 of Simpson County. Hilton was a Justice of the Peace in District 3 and resided some twenty miles from the place of residence of the appellant. As a matter of fact H. D. Smith made four affidavits against appellant charging him with the unlawful possession of intoxicating liquors at different times. Smith, the affiant, is a first cousin of appellant. The affiant was not an officer of the law. He never appeared at the trial,

and indeed it appears that the justice of the peace did not see him any more. The appellant plead guilty to three of the charges and entered a plea of nolo contendere to the one which charged him with the crime of which he was convicted in the circuit court. No testimony was taken on the trial of that case. The justice of the peace simply wrote out a judgment of conviction and the appellant paid the fine of $100. It appears that that was the fine in each of the four cases. That was a minimum punishment. Section 2613, Miss. Code of 1942. There was a Justice of the Peace in District 2, in which the home of appellant was located and where he resided. Smith, the affiant, was not present when the sheriff and his deputies searched appellant's premises and found the contraband. The sheriff knew nothing of the making of the affidavit before Hilton. Indeed, to get to the Justice of the Peace in District 3, it was necessary to leave District 2 and go entirely through District 1. Affiant made his affidavit upon information and belief. Under these conditions, the trial judge found that this conviction in the justice of the peace court was not a prosecution in good faith and that it was fraudulent, and made for the purpose of defeating the jurisdiction of the circuit court, and, being fraudulent and in bad faith, the proceeding before Hilton was not a bar to the prosecution in the circuit court.

In Price v. State, 104 Miss. 288, 61 So. 314, this Court said that it was competent for the State to show that a former acquittal was obtained by collusion, and that, if so, such acquittal is not a bar to another prosecution.

In Wharton's Criminal Evidence, Vol. II, pp. 1492-3, Par. 864, it is said: "But where the acquittal has been brought about by fraud or collusion, it cannot be pleaded in bar to another indictment or information for the same offense."

The following announcement appears in 15 Am. Jur. 52, Par. 377: "It is generally held, however, that a collusive conviction is not a bar to a subsequent prosecution.

The doctrine is fully sanctioned and approved that where a person has fraudulently obtained a conviction before a justice of the peace on a criminal charge for the purpose of avoiding the effect of a subsequent complaint made by the injured party, which he believed or had reason to believe would be made against him, such conviction, thus procured for such fraudulent purpose, will not bar a subsequent indictment for the same offense, where the state was not represented in the proceeding.''

In State v. Howell (S. C.), 66 S. E. 2d 704, that Court said: ''A verdict of acquittal procured by accused by fraud and collusion is a nullity and does not put him in jeopardy; and consequently it is no bar to a second trial for the same offense.''

In Edwards v. Commonwealth, 233 Ky. 356, 25 S. W. 2d 746, that Court said that while a bona fide trial will bar another prosecution based upon the same facts, yet ''if such conviction was procured through the fraud or collusion of defendant and with the purpose of avoiding a fair and impartial trial to the commonwealth, to the end that it may be afforded an opportunity to develop the facts, then such a conviction or acquittal will not be sufficient to support the plea.''

In Richardson v. State, 109 Texas Criminal Report 403, 5 S. W. 2d 141, 143, the complaint before the justice of the peace was signed and sworn to by a friend of the accused. The accused plead guilty. The Texas Court observed that it sometimes happens that a person conscious of his guilt procures a proceeding against himself and suffers a slight punishment, intending thereby to bar a prosecution carried on in good faith. The Court then remarked: ''In such a case, if the first prosecution is really managed by himself, either directly or through the agency of another, he is, while thus holding his fate in his own hand, in no jeopardy; the plaintiff state is no party in fact, but only such in name; the judge is imposed on, indeed, yet in point of law he adjudicates nothing. 'All is a mere puppet-show and every wire moved by the de-

fendant himself.' The judgment, therefore, is a nullity, and is no bar to a real prosecution.''

In the case at bar, the affidavit was made by a first cousin of the accused. The State was not represented at the trial. Indeed, neither the State nor any of its officials, nor the officers of the court, other than the justice of the peace, knew the charge had ever been filed. Apparently from the record counsel for the accused was present at the so-called hearing. In all four of the cases appellant was given the minimum sentence. Under these circumstances, the trial judge was amply justified in concluding that this prosecution was collusive between the accused and his kinsman, that it was a fraud upon the State, and was not a bar to the present prosecution.

When the case came on for trial in the circuit court, the defendant made a motion in some form for the continuance of the case on the ground of ill health. All the record shows as to the form of that motion is this headnote: ''On motion of the defendant for a continuance in this case, the following testimony was taken.'' Section 1520, Miss. Code of 1942, requires that the motion be in writing and supported by an affidavit, and it shall aver ''that the continuance is not sought for delay only but that justice may be done.'' Such a motion was not filed in this case—at least the record does not so disclose and we must go by the record. This would be sufficient ground for us to reject the contention of appellant that the refusal of the trial court to grant the continuance was reversible error. However, we have read the testimony in support of the motion and it presents a question of fact for the determination of the trial judge as to whether the accused was able to attend the trial and testify, if he cared to do so, without danger to his health. Granting or refusing a motion for continuance is largely a matter within the discretion of the trial judge, and a denial of continuance is not ground for reversal unless the Court should be satisfied that injustice has resulted therefrom.

We cannot say that the trial court abused its discretion in this case, nor that injustice resulted from refusal to grant the continuance.

The defendant dictated into the record a motion asking the trial court to quash the panel of jurors and enter a nonsuit for the following reasons: "That this is the second week of the regular March, 1953, Term of this court, and that there are still jurors in the jury box to serve hereon. That there are jurors on this panel who were empanelled by the selection of the Sheriff, he being the prosecuting witness in this case, is prejudicial to the interest of this defendant." The only evidence he introduced in support of the motion was that of J. C. Lucas, one of the jurors. The witness testified that he was a brother of one of the witnesses for the State and a brother-in-law of the sheriff. Defendant then asked the court to excuse Mr. Lucas from the jury. The court sustained the motion and did excuse Mr. Lucas. That was all of the testimony taken in support of the motion. We are unable to see any error involved in this action. It will be seen that the accused made no proof of any of the statements of fact set out in support of his motion other than that Lucas was related to the sheriff and to a prosecuting witness, and the court excused Mr. Lucas. We perceive no error in the action of the court in disposing of the motion in this manner. See Wilkerson v. State, 207 Miss. 556, 42 So. 2d 745.

Affirmed.

*Lee, Holmes, Arrington* and *Ethridge JJ.,* concur.