**Emmett ALLEN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 38177.**

Court of Criminal Appeals of Texas.

April 21, 1965.

Charles E. Coleman, Tyler, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is robbery; the punishment, 5 years.

The state's evidence, including the testimony of Frankie Moss, the injured party, and the confession of the appellant, shows that appellant got in a car with the injured party and drove to a place near some oil tanks where he and Lonnie Charles Johnson assaulted her, took her wrist watch, her spare tire and her billfold containing about $5 in money and her license to drive a motor vehicle.

Reversal is sought upon the ground that it was reversible error for the court to deny appellant's motion to quash the indictment because there was only one transaction and one set of facts involved out of which the state could carve only one offense, and the undisputed evidence shows that appellant was convicted and assessed a fine of $25 upon a complaint in Justice Court charging him with an assault upon Frankie Moss and that he satisfied said judgment of conviction by serving time in jail.

Appellant cites and relies upon Day v. State, 105 Tex.Cr.R. 117, 286 S.W. 1107, and Fleming v. State, 168 Tex.Cr.R. 595, 330 S.W.2d 457, in both of which cases prosecution was upon an information.

Art. 536 C.C.P. provides:

"A former judgment of acquittal or conviction in a court of competent jurisdiction shall be a bar to any further prosecution for the same offense, but shall not bar a prosecution for any higher grade of offense over which said court had not jurisdiction, unless such judgment was had upon indictment or information, in which case the prosecution shall be barred for all grades of the offense."

Under the terms of said statute, the former conviction in justice court on complaint alone did not bar prosecution upon indictment for robbery by assault, though the assault was the same. Ex parte Hernandez, 126 Tex.Cr.R. 303, 71 S.W.2d 289; 1 Branch's Ann.P.C.2d 618, Sec. 651; 16 Tex.Jur.2d 284, Sec. 137, and cases cited under Note 19.

The judgment is affirmed.