**James S. HARRISON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 39983.**

Court of Criminal Appeals of Texas.

Dec. 31, 1966.

**Ray Dean BARNES, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 39917.**

Court of Criminal Appeals of Texas.

Nov. 30, 1966.

Rehearing Denied Jan. 11, 1967.

M. Jack Tabor, Houston, for appellant.

Carol S. Vance, Dist. Atty., and James C. Brough and Richard M. De Guerin, Asst. Dist. Attys., Houston, Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

MORRISON, Presiding Judge.

The offense is driving while license was suspended with two prior misdemeanor convictions for offenses of the same nature alleged for enhancement; the punishment, confinement in the county jail for six months and a fine of $100.00.

The sole question sought to be raised by this appeal is appellant's plea of former jeopardy. He bases this question upon his testimony that he plead guilty and paid a fine for the offense of failing to have a valid operator's license in Judge Albert Lee's Justice of the Peace Court in Humble. Even if we were to assume that the two offenses grew out of the same transaction, jeopardy would not be shown to have attached, because there is a failure to show that the case in Judge Lee's Court was prosecuted upon an information "signed by the district or county attorney, officially," as is required by Sec. 9 of Article 21.21, Vernon's Ann.C.C.P., 1965, so as to bring the same within the provisions of Article 28.13, V.A.C.C.P.

Finding no reversible error, the judgment is affirmed.