John BENARD, Appellant,

v.

The STATE of Texas, Appellee.

No. 44828.

Court of Criminal Appeals of Texas.

May 9, 1972.

Rehearing Denied June 21, 1972.

Philip S. Greene, Jerry D. Patchen, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for the offense of "operating a motor vehicle while license suspended." Punishment was assessed at three days in jail and a fine of $50.00.

The record reflects that the automobile appellant was operating was involved in an accident in Harris County, on November 6, 1969. Appellant failed to produce a valid operator's license when the officer investigating the accident made a request to examine same. The officer issued the appellant a citation for "operating a motor vehicle without a valid operator's license in his immediate possession," Vernon's Ann.Civ. St., Art. 6687b, Sec. 13, to which charge appellant entered a plea of guilty in the municipal court and was fined the sum of $15.00. The officer subsequently received information from the Texas Department of Public Safety showing that appellant's license had been suspended because of his failure to comply with the Safety Responsibility Act. Appellant was then charged by information in the County Criminal Court at Law No. 1 of "operating a motor vehicle while his license was suspended."

■ Appellant challenges his conviction for operating a motor vehicle while license suspended contending that he was placed in double jeopardy by virtue of his former conviction for operating a motor vehicle without a valid operator's license, such being a violation of the Fifth and Fourteenth Amendments to the Constitution of the United States.[1] Appellant also contends that the two offenses arose out of the same transaction and were proven by the same evidence, a result which he argues is incompatible with the decision of the Supreme Court in Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1969). In Waller, the petitioner was one of a number of persons who removed a canvas mural from the City Hall of St. Petersburg, Florida, and carried it through the streets. He was charged with violation of two ordinances of the City of St. Petersburg, destruction of city property and disorderly breach of the peace. He was found guilty on both charges in the municipal court and sentenced to 180 days' imprisonment. Shortly thereafter, a state court tried, convicted, and sentenced him to six years for grand larceny. The Supreme Court, in Waller v. Florida, supra, said:

"* * * The opinion of the District Court of Appeal first explicitly acknowledged that the charge on which the state court action rested 'was based on the same acts of the appellant as were involved in the violation of the two city ordinances.' * * *." (emphasis supplied)

"We act on the statement of the District Court of Appeal that the second trial on the felony charge by information 'was based on the same acts of the appellant as were involved in the violation of the two city ordinances' and on the assumption that the ordinance violations were included offenses of the felony charge. . . ."

". . . We hold that on the basis of the facts upon which the Florida District Court of Appeal relied petitioner could not lawfully be tried both by the municipal government and by the State of Florida. In this context a 'dual sovereignty' theory is an anachronism, and the second trial constituted double jeopardy violative of the Fifth and Fourteenth

1. Hearing of appellant's sworn motion was upon written stipulation of evidence.

Amendments to the United States Constitution."

We find that the prosecution of appellant, in County Criminal Court at Law No. 1, was based on the same acts of appellant as were involved in the municipal court conviction. The second trial of appellant, under the holding of Waller v. Florida, supra, constituted double jeopardy violative of the Fifth and Fourteenth Amendments to the United States Constitution.

The judgment is reversed and the prosecution ordered dismissed.

Opinion approved by the Court.

## OPINION

### ON STATE'S MOTION FOR REHEARING

ROBERTS, Judge.

In its motion for rehearing, the State maintains that appellant's plea of former conviction was properly overruled by virtue of Art. 28.13, Vernon's Ann.C.C.P., and our holding in the case of Harrison v. State, 409 S.W.2d 848 (Tex.Cr.App.1966). The State contends that the holding in Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1969) does not affect Art. 28.13 or our holding in Harrison v. State, supra, because Waller only overruled the "dual sovereignty" fiction which had been followed by a number of states, not including Texas.

Article 28.13, V.A.C.C.P., provides:

"A former judgment of acquittal or conviction in a court of competent jurisdiction shall be a bar to any further prosecution for the same offense, but shall not bar a prosecution for any higher grade of offense over which said court had not jurisdiction, unless such judgment was had upon indictment or information, in which case the prosecution shall be barred for all grades of the offense."

In essence, the statute provides that a conviction or acquittal in a lower court is not a bar to a subsequent prosecution in a higher court unless the first prosecution was had upon indictment or information. A conviction or acquittal had upon a complaint only is not a bar to a subsequent prosecution for a higher grade of offense if the court which tried the first case lacked jurisdiction to try the higher offense. e. g., Allen v. State, 389 S.W.2d 307 (Tex. Cr.App.1965).

■ The double jeopardy provisions of the Fifth Amendment to the United States Constitution are applicable to the states. Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). In Waller v. Florida, supra, the United States Supreme Court overruled a Florida rule which held that a conviction in a municipal court could not bar a subsequent prosecution in a state court for the same offense, and in doing so, the court pointed out that the judicial power of both municipal and state courts sprang from the same organic law. Since the power of both courts came from the same source, the Federal-State analogy was not applicable.

■ Upon consideration of the issue, we are of the opinion that the mode of procedure used in commencing a criminal prosecution (i. e. whether upon complaint or information or indictment) does not affect the fact that it is state action. Complaints are brought "In the name and by authority of the State of Texas." Art. 45.01, V.A. C.C.P. Therefore, that the prosecution was commenced by a complaint rather than by an information or indictment does not lessen the fact that the accused has been subjected to a prosecution brought about by the authority of the State. Whether the prosecution in the municipal court is had on information or by complaint, the possible penalties upon conviction are the same.

In its argument, the State contends that since a complaint may be made by any per-

son without the knowledge of the district or county attorney or the grand jury,[1] a prosecution by complaint cannot act as a bar to a subsequent prosecution for a higher grade of offense, apparently because the State has not acted affirmatively through either its counsel or grand jury. This contention is not compelling in the constitutional sense, nor in terms of our existing State procedure.

That the State has chosen to permit certain prosecutions to be commenced in its name by complaint made by a private citizen does not make the prosecution a private action, and the person so prosecuted should not suffer a loss of his protection against double jeopardy merely because of the State's choice of manner of commencing the prosecution.

Even under our existing procedure, a prosecution upon complaint acts as a bar to a subsequent prosecution for the same crime in all cases except where the subsequent prosecution is for a higher degree of offense over which the first court lacked jurisdiction. Thus, a judgment rendered on a complaint is a valid bar in certain instances, notwithstanding the fact that the prosecution was not commenced by a state officer. Art. 28.13, V.A.C.C.P. *See* Ex parte Hernandez, 126 Tex.Cr.R. 303, 71 S. W.2d 289 (1934). Thus, it appears that a prosecution had on complaint has never been regarded as a nullity for purposes of serving as a bar to a subsequent prosecution, but rather, has failed to serve as a bar in certain circumstances only. We conclude that this is impermissible. In our opinion, the State, having chosen a particular mode of commencing a prosecution, is bound by its choice.

The State contends that if a prosecution on complaint can act as a bar to a higher grade of offense in a higher court, then many serious crimes may be disposed of by complaints and guilty pleas to lesser offenses had without the knowledge of the county or district attorney. This may well be the case. However, under the law as it exists now, the State, having authorized prosecutions in a particular manner, may not thereafter seek to avoid the effect of such prosecutions. We see no reason why the State could not limit prosecutions to those commenced with the knowledge and approval of a proper authority, but since the State has not done so, it is bound by the methods currently authorized.

We do not mean to hold that a *void* proceeding (as opposed to one which is merely *voidable*) can serve as a bar to a subsequent prosecution. It is generally recognized that a void proceeding has no effect in support of a plea of former conviction or acquittal. Ball v. United States, 163 U.S. 662, 669, 16 S.Ct. 1192, 41 L.Ed. 300 (1896); Barnes v. State, 79 Tex.Cr.R. 395, 185 S.W. 2 (1916); State v. Howell, 220 S.C. 178, 66 S.E.2d 701 (1951); State v. Haye, 72 Wash.2d 461, 433 P.2d 884 (1967). *See generally* 22 C.J.S. Criminal Law § 244, Anno. 75 A.L.R.2d 683, 696, § 5.

Likewise, we do not hold that the State, in response to a plea of former conviction, may not show that the former conviction was obtained by fraud or collusion on the part of the accused and his accusers in the former proceeding. A conviction obtained by fraud or collusion or obtained at the instigation of the defendant will not support a plea of former conviction. *e. g.,* Richardson v. State, 109 Tex.Cr.R. 403, 5 S.W.2d 141 (1928); Edwards v. Commonwealth, 233 Ky. 356, 25 S.W.2d 746 (1930); Smith v. State, 219 Miss. 741, 69 So.2d 837 (1954); Howell v. State, 104 Miss. 295, 61 So. 314 (1913); State v. Howell, 220 S.C. 178, 66 S.E.2d 701 (1951). *See generally* Anno. 75 A.L.R.2d 683, 691, § 4; 22 C.J.S. Criminal Law § 245.

1. An indictment is the written statement of a grand jury. Art. 21.01, V.A.C.C.P. An information is a written statement presented in behalf of the State by the district or county attorney. Art. 21.20, V.A.C.C.P.

We hold only that, in light of Waller v. Florida, supra, a judgment of acquittal or conviction in a court of competent jurisdiction is a bar to a further prosecution *for the same offense*, regardless of whether the first prosecution was had upon complaint, information or indictment, and regardless of whether the court in which the first prosecution was had was without jurisdiction to try the higher grade of the offense.[2]

The motion for rehearing is overruled.

MORRISON and DOUGLAS, JJ., concur in the result.

2. Prior to Waller v. Florida, supra, there had been a split of authority as to whether a conviction or acquittal of a lesser offense in a court which has jurisdiction to try the offense acts as a bar to a subsequent prosecution in another court for a higher grade of offense which the first court lacked jurisdiction to try. *See* Anno. 4 A.L.R.3d 874, § 3–8.

The "majority" rule was that the first judgment in such cases was not a bar to a subsequent prosecution. Texas adhered to the majority rule only if the first prosecution was had upon a complaint. If the prosecution was had upon an information (which is possible, but very unusual, in justice and corporation courts), then the first prosecution would serve as a bar. Art. 28.13, V.A.C.C.P.

In light of Waller v. Florida, we believe that the majority view is no longer tenable, and that a prosecution in any state court is a bar to a subsequent prosecution for the same offense.