**GOVERNMENT OF THE VIRGIN ISLANDS**

v.

**MICHA WILLIAMS, Appellant**

D.C. Crim. No. 143-1971

**GOVERNMENT OF THE VIRGIN ISLANDS**

v.

**ANGEL DE JESUS, Appellant**

D.C. Crim. No. 152-1971

United States Court of Appeals

Third Circuit

Argued at Christiansted February 1, 1973

Filed March 28, 1973

---

EDGAR D. ROSS, ESQ. (HODGE, SHEEN & FINCH), Christiansted, V.I., *counsel for appellant*

589

JULIO A. BRADY, ESQ., Assistant United States Attorney,
Christiansted, St. Croix, V.I., *counsel for appellee*

Before MARIS, ROSENN and HUNTER, *Circuit Judges*

OPINION OF THE COURT

MARIS, *Circuit Judge*

These are appeals by the defendant Micha Williams, at our docket No. 72-1374, and Angel De Jesus, at our docket No. 72-1389, from judgments entered in the District Court of the Virgin Islands on jury verdicts of guilty in narcotics cases. The defendant Williams was charged with and found guilty of the crime of distributing marihuana in violation of 19 V.I.C. § 604(a); the defendant De Jesus was charged with and found guilty of distributing heroin in violation of 19 V.I.C. § 604(a). In each case, prior to the empanelling of the trial jury, the defendant had moved to quash the array of jurors on the ground that the selection of jurors from that array would deprive him of a fair trial because some of them had served as jurors in prior narcotics cases tried within the previous month in which they had heard the testimony of certain prosecution witnesses, including a government informer, whom the government planned to call to testify at the defendant's trial. In each case the court denied the motion to quash the array. The denial of the motion in each case is asserted as error on these appeals.

We are satisfied that the court did not commit error in this regard. For it has been settled from early times that a challenge to the array of jurors goes only to the form and manner of making up the jury panel and must, therefore, be based on some ground affecting the validity of the whole panel or array of jurors. The disqualification of an individual juror for any cause is not a ground for challenge to the array, since it may later be raised on a

challenge to the polls for cause. United States v. Callender, C.C.Va. 1800, F.Cas. No. 14709; Frazier v. United States, 1949, 335 U.S. 497, 510, 511; United States v. Gordon, 7 Cir. 1958, 253 F.2d 177; State v. Lundgren, 1913, 124 Minn. 162, 144 N.W. 752; Smith v. State, 1954, 219 Miss. 741, 69 So.2d 837; State v. Taylor, 1959, Mo. 324 S.W.2d 643, 76 A.L.R.2d 671, and annotation thereto, 76 A.L.R.2d 678, 679; 47 Am.Jur.2d Jury § 229; 50 C.J.S. Juries § 262.

Here, admittedly, the grounds alleged—prior service in narcotics cases involving the same government witnesses —applied to less than all of the jurors in the array and were, if valid, grounds for later individual challenges. They were, therefore, insufficient to support the defendants' challenges to the array. Those challenges were accordingly rightly denied by the court.

■ In the case of the defendant De Jesus, however, later challenges for cause were made to the polls in the cases of certain individual jurors. These individual challenges were based on the same grounds, namely, that the challenged jurors must be presumed to be partial as a matter of law and were, therefore, disqualified because they had served as jurors in the trial of other narcotics cases within the preceding month, which had resulted in convictions and at which prosecution witnesses, including a government informer, who were scheduled to testify in De Jesus' case, had testified. De Jesus actually challenged for this cause five of the jurors selected for his case. Three of them had served in three prior narcotics cases and the court, in the exercise of its discretion, sustained his challenges as to them. The other two challenged jurors had served in only two prior cases and as to them De Jesus' challenges were overruled. The jury, which included these two jurors, found De Jesus guilty, as we have seen. On his appeal from his conviction, De Jesus asserts that the court

should have held the two jurors to be disqualified for partiality and should have sustained his challenges of them for that cause. The failure of the court to do so he asserts as the second ground of error which, as he contends, entitles him to a new trial. We do not agree.

The federal courts have uniformly held that, absent some evidence of actual partiality, a juror is not disqualified merely because he previously sat in a similar case arising out of a separate and distinct set of circumstances even though the offenses charged in the cases are similar and some of the same prosecution witnesses testify in each case. United States v. Haynes, 2 Cir. 1968, 398 F.2d 980, 984, 985, cert. den. 393 U.S. 1120; United States v. Ragland, 2 Cir. 1967, 375 F.2d 471, 476, fn. 2; United States v. Cooper, 3 Cir. 1964, 332 F.2d 790; Casias v. United States, 10 Cir. 1963, 315 F.2d 614, 615, 618, cert. den. 374 U.S. 845; Cwach v. United States, 8 Cir. 1954, 212 F.2d 520, 529; Belvin v. United States, 4 Cir. 1926, 12 F.2d 548, 550; Haussener v. United States, 8 Cir. 1925, 4 F.2d 884, 886, 887; Wilkes v. United States, 6 Cir. 1923, 291 F. 988, 990, cert. den. 263 U.S. 719. See, also, United States v. Stevens, 6 Cir. 1971, 444 F.2d 630, 631, 632.

In Ward v. Union Barge Line Corporation, 1971, 443 F.2d 565, 570, this court stated "It is clear that jurors are not disqualified merely because they have sat in cases involving similar issues." Casias v. United States, 10 Cir. 1963, 315 F.2d 614, cert. den. 374 U.S. 845, was a case in which an evenly divided court of appeals in banc affirmed the conviction of the defendant by a jury of which most of the members had sat in prior similar cases and in which the same prosecution witnesses, who were called upon to testify in Casias' case, had testified. In that case, Judge Breitenstein, speaking for the three members of the court who favored affirmance, observed that the "general rule is that a juror is not disqualified to sit in a criminal

case because he previously sat on a similar case arising out of a separate, distinct, and independent transaction." 315 F.2d at 615.

De Jesus relies upon the views of Chief Judge Murrah speaking for the three judges who favored reversal in the Casias case. Those views, however, have never found favor with any federal court, so far as we are aware, nor do we accept them here. Moreover, even Chief Judge Murrah's opinion states that "Not every prospective juror who has sat on another similar case with the same government witnesses is ipso facto debarred from the jury box. His qualifications may very well rest on voir dire. Prejudice should be implied in law only when the accumulative effect of the extrinsic evidence of guilt is clear and convincing." 315 F.2d at 621.

We think that this rule is particularly appropriate for the Virgin Islands in which the number of persons available for jury duty is limited by the comparatively small population of the territory. For there is an ever-increasing likelihood that the district court will in the future be called upon to try even larger numbers of criminal cases arising out of similar circumstances, such as narcotics violations, in which some of the same government witnesses are necessarily involved. It might well, therefore, seriously impede the prompt administration of criminal justice in the territory as well as deny to accused persons the speedy trial to which they are entitled under section 3 of the Revised Organic Act, 48 U.S.C.A. § 1561, if jurors should be conclusively presumed to be partial and, therefore, disqualified from sitting in the trial of a criminal case merely because they had sat in a prior similar case involving some of the same government witnesses and without any regard for their actual states of mind and ability to try the case fairly.

Since a juror who is regularly drawn and selected is presumed, in the absence of some showing to the contrary, to be unbiased and otherwise qualified and competent to serve and since, as we have seen, the mere fact of service in previous similar cases involving some of the same witnesses does not of itself amount to such a showing, it necessarily follows that a defendant challenging a juror on that ground must show by some evidence, normally obtained on voir dire, the probability of the actual existence of bias. Haussener v. United States, 8 Cir. 1925, 4 F.2d 884. In the Haussener case the court said, pp. 886–887:

"Five jurors who sat in this case had theretofore sat in other cases, against other persons, charged with some violation of the Volstead Act, wherein one or both of the government prohibition agents testifying in this case had also been witnesses. Touching the qualifications of these jurors it developed upon their voir dire examination that some of them had formed and still had a certain opinion as to the credibility of these prohibition agents; but these jurors said, in substance, that they could try the case in the same fair state of mind as they could have done if these witnesses had been strangers, and if they had never heard them testifying in other cases.

". . . it is too plain for argument that no such procedure ought to be held reversible error, unless in the presence of an examination which shows that the attitude of the jurors is such as to preclude a fair and impartial trial, beyond cavil or question. This is so, because in the very nature of the situation practically all prosecutions for violations of the Volstead Act . . . must be bottomed upon the testimony of prohibition agents. . . .

"We are not saying that, if the jurors had by their answers disclosed a state of opinion that would have prevented a fair and impartial trial, or an unprejudiced consideration of all of the evidence offered, that they would have been competent jurors; but it will be observed that no such state of mind is shown by the voir dire examination. The ingrafting into the criminal procedure of a novel practice like that here disclosed ought not be permitted, except in the face of a situation clearly showing the bias, prejudice, and lack of impartiality of the juror. In this the record fails. . . ."

The following statements of the Supreme Court in Irvin v. Dowd, 1961, 366 U.S. 717, are significant in this connection (pp. 722–724):

"It is not required, however, that the jurors be totally ignorant of the facts and issues involved . . . . To hold that the mere existence of any preconceived notion as to the guilt or innocence of an accused, without more, is sufficient to rebut the presumption of a prospective juror's impartiality would be to establish an impossible standard. It is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court. . . .

"The adoption of such a rule, however, 'cannot foreclose inquiry as to whether, in a given case, the application of that rule works a deprivation of the prisoner's life or liberty without due process of law' . . . . As stated in Reynolds, the test is 'whether the nature and strength of the opinion formed are such as in law necessarily . . . raise the presumption of partiality. The question thus presented is one of mixed law and fact' . . . At page 156. 'The affirmative of the issue is upon the challenger. Unless he shows the actual existence of such an opinion in the mind of the juror as will raise the presumption of partiality, the juror need not necessarily be set aside . . . . If a positive and decided opinion has been formed, he would have been incompetent even though it had not been expressed.' At page 157. As was stated in Brown v. Allen, 344 U.S. 443, 507, the 'so-called mixed questions or the application of constitutional principles to the facts as found leave the duty of adjudication with the federal judge'. . . .

"The rule was established in Reynolds that '[t]he finding of the trial court upon that issue [the force of a prospective juror's opinion] ought not be set aside by a reviewing court, unless the error is manifest.' 98 U.S., at 156. In later cases this Court revisited Reynolds, citing it in each instance for the proposition that findings of impartiality should be set aside only where prejudice is 'manifest'."

■ It is clear from the decisions that broad discretion and duty reside in the court to determine from the evidence and demeanor of the jurors on voir dire and from any other evidence available to it that the jury as finally se-

lected is subject to no solid basis of objection on the ground of partiality. Frazier v. United States, 1948, 335 U.S. 497. It is equally clear that the decision of the court on a challenge for cause on that ground will be reversed only if an abuse of that discretion is manifest.

Implicitly recognizing the authority of the cited cases, De Jesus argues that the totality of facts in his case established the partiality of the two jurors in question and that the court should, therefore, have excluded them. We see no merit in this contention. The unsatisfactory nature of the retrospective application of such a case by case approach, which Judge Breitenstein pointed out in his opinion for the three judges who favored affirmance in the Casias case, 315 F.2d at p. 617, is manifest. In any event the "totality of facts" upon which De Jesus relies is stated in his brief on appeal merely as "(a) the use by the government of the same two key witnesses in all three (3) trials; (b) the frequency of the service of the challenged jurors; and (c) the fact that the informant's credibility must have of necessity been at issue in all the trials." He does not rely on any facts brought out on voir dire or on any other evidence on the question of the actual partiality of the two jurors in question. Thus De Jesus' "totality of facts" turns out to be nothing more than the one fact on which he has relied throughout, namely, the service of these two jurors on prior cases in which the accused were convicted of similar offenses on the testimony of the same two government witnesses, inter alia. As we have already seen this fact, standing alone, was not sufficient to raise even a presumption of partiality. Under these circumstances, the rejection of the challenges was wholly within the discretion of the court.

The judgment of the district court will be affirmed.