James O. COOK, Appellant,

v.

The STATE of Texas, Appellee.

No. 51412.

Court of Criminal Appeals of Texas.

May 19, 1976.

---

Lloyd W. Westerlage, Dallas, for appellant.

Henry Wade, Dist. Atty. and Gary Love, Don Driscoll and Brian Blessing, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

KEITH, Commissioner.

Appellant was convicted in a bench trial of aggravated assault and his punishment fixed at confinement for a period of two years.

On June 4, 1974, the complaining witness Judy Cook reprimanded her brother-in-law, the appellant, for cursing in front of her children and firing a pistol at a neighbor who was riding by on a motorcycle. Appellant turned the pistol toward Judy, pointed the gun at her face, cocked the hammer back, and stated: " 'I'll shoot you, Judy. Don't make me shoot you. I'll kill you for that.' "

On June 17, 1974, Mrs. Cook filed a complaint for a peace bond against appellant in Justice of the Peace Court, alleging the threat of June 4 set out above as well as other threats. On June 18, the justice of the peace ordered appellant to post a peace bond in the amount of $500. However, the justice of the peace cancelled the peace bond by his order dated July 16, 1974. On July 22, 1974, appellant was indicted for aggravated assault arising out of the sequence of events of June 4, 1974, set out above.

Appellant's sole ground of error is predicated upon the proposition that the order requiring him to post the peace bond constituted former jeopardy barring prosecution under the indictment of July 22, 1974. There is no merit to the contention so advanced and we affirm the judgment for the reasons now to be stated.

We find that appellant's sole authority, *Benard v. State,* 481 S.W.2d 427 (Tex.Cr. App.1972), is not even persuasive, much less controlling.

When Mrs. Cook sought relief before the justice of the peace, she invoked an ancient procedure designed to prevent the commission of an offense—not to punish for an offense already committed. See Davidow, "Texas Peace Bond," 3 Tex.Tech L.Rev. 265 (1972); Steele, "Peace Bonds," 36 Tex.B.J. 303 (1973). This procedure, which has been a part of our State practice since the early days of the Republic,[1] has as its purpose "to halt such threats [to kill or commit a crime against property] prior to an effort at their execution." *Ex parte Luehrs,* 152 Tex.Cr.R. 348, 214 S.W.2d 126, 127 (1948).

It has long been the law of this State that conduct does not constitute an offense unless it is defined as an offense by statute. V.T.C.A., Penal Code, Sec. 1.03(a). Appellant was not charged with the commission of an offense defined as such in the penal code when he appeared before the justice of the peace. His appearance was required under the provisions of Chapter Seven, V.A. C.P., art. 7.01 et seq. At that time he had not been charged with the commission of an offense by either indictment or information. In fact, the only charge was that he had *threatened* to commit an offense. No jeop-

1. See statute quoted in 3 Tex.Tech L.Rev., supra (p. 267, fn. 5)

ardy attached upon the entry of the order requiring him to post the peace bond.

Appellant's reliance upon *Benard v. State*, supra, is misplaced. In this instance, there was no prior criminal accusation to which appellant could plead so that jeopardy never attached.

Finding no error, the judgment of the trial court is affirmed.

Approved by the Court.