**UNITED STATES of America ex rel. David G. STEVENS, Petitioner-Appellant,**

v.

**The CIRCUIT COURT OF MILWAUKEE COUNTY, WISCONSIN, BRANCH VIII, The Honorable Michael J. Barron, Presiding, Respondent-Appellee.**

No. 81–3018.

United States Court of Appeals, Seventh Circuit.

Submitted on Record and Briefs April 14, 1982.

Decided April 20, 1982.

Waring R. Fincke, Shellow, Shellow & Glynn, Milwaukee, Wis., for petitioner-appellant.

Bronson C. LaFollette, Atty. Gen., Wis. Dept. of Justice, Madison, Wis., for respondent-appellee.

Before CUMMINGS, Chief Judge, and ESCHBACH and POSNER, Circuit Judges.

POSNER, Circuit Judge.

We are required in this case to consider the circumstances under which a state criminal defendant can obtain from a federal court in a habeas corpus proceeding an injunction against his forthcoming state criminal trial, on the ground that the trial would place him in double jeopardy for the same offense.

---

**5.** *See Burks v. United States*, 437 U.S. 1, 98    S.Ct. 2141, 57 L.Ed.2d 1 (1978).

David Stevens was charged in a Wisconsin state court with four counts of violating a state narcotics statute. He pled guilty on two of the counts (which charged him with misdemeanors) and immediately moved to dismiss the other two (felony) counts on the ground that they charged the same offense, so that a trial on them would place him in double jeopardy. The trial court denied his motion, and the intermediate appellate court of Wisconsin denied him leave to appeal, though with an opinion that appears to reject his double jeopardy claim on the merits. Having thus exhausted his pretrial remedies in the state court system (see *State v. Jenich*, 94 Wis.2d 74, 97a, 97d, 292 N.W.2d 348, 350 (1980)), Stevens filed a petition for habeas corpus in federal district court. The district court denied the petition on the merits, and this appeal followed. Stevens has also moved this court to stay his trial on the remaining counts, which is scheduled to begin on April 26, 1982. Meanwhile he is free on bond. And sentencing on the charges to which he pled guilty has been deferred pending his trial on the other charges.

Ordinarily the attempt of a state prisoner to obtain federal habeas corpus relief in advance of his state criminal trial would be completely hopeless. It would violate the statutory requirement of exhaustion of state remedies (see 28 U.S.C. § 2254(b)) in its most elementary sense, because it would deprive the state judges of all opportunity to consider the prisoner's federal claims in the ordinary course of trial and (if necessary) direct appeal. It would also be pregnant with delay. Furthermore, even though Stevens is technically "in custody" within the meaning of the habeas corpus statute, 28 U.S.C. § 2241(c)(3), because the terms of his bond limit his freedom of action, see *Hensley v. Municipal Court*, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973), the relief he is seeking in this habeas corpus proceeding is not release from custody. It is to enjoin his state criminal trial. So far as that objective is concerned it is immaterial whether he is in custody pursuant to a previous conviction, out on bond, or entirely at liberty while awaiting trial.

The relief he is seeking, though within the broad remedial powers granted federal judges by the habeas corpus statute, see 28 U.S.C. § 2243; cf. 28 U.S.C. § 2251 (stay of state-court proceedings), is remote from the original purpose of habeas corpus—release from unlawful incarceration. In addition, it violates the principle of 28 U.S.C. § 2283 as construed in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), that federal courts do not lightly enjoin state criminal proceedings.

But a number of the federal courts of appeals have found these considerations overborne when the petitioner is asserting a double jeopardy claim. See, e.g., *Gully v. Kunzman*, 592 F.2d 283, 286–87 (6th Cir. 1979), and cases cited therein, at 287 n. 8; *Drayton v. Hayes*, 589 F.2d 117, 120–21 (2nd Cir. 1979). One of the principal interests that the double jeopardy clause protects is the interest in not being tried a second time for the same offense, see, e.g., *Green v. United States*, 355 U.S. 184, 187–88, 78 S.Ct. 221, 223, 2 L.Ed.2d 199 (1957), which is distinct from the interest in not being convicted in the second trial. To put a man to the time, expense, embarrassment, and anxiety of being tried repeatedly for the same offense is a violation of the double jeopardy clause that is not cured by acquitting him every time. So far as protecting that interest is concerned, the relevant state remedies are exhausted when, as in this case, the petitioner has nowhere else to turn in the state judicial system to get the charges against him dismissed before trial. The restraint he complains of in such a case is having to undergo the trial, and an injunction against the trial is a remedy for that restraint that is consistent with the traditional function of habeas corpus, which is to relieve against unlawful custody.

Yet it is still a grave matter for a federal judge to enjoin a state criminal trial. The power exists but it should be exercised sparingly. In all but a handful of cases in which a state criminal defendant's petition for pretrial habeas corpus based on a double jeopardy claim has been entertained on the merits, the petitioner had actually been

tried. Sometimes the first trial had gone through to final judgment and sometimes it had been terminated prematurely by a mistrial, but in either event the petitioner could complain that if the federal court did not enjoin his forthcoming trial he would be tried twice for the same offense, assuming his double jeopardy claim was valid.

■ It is the hardship of a *second trial* that has moved these courts to consider enjoining a state criminal trial. The cases refer to this factor time and again. See, e.g., *Drayton v. Hayes, supra,* 589 F.2d at 121 ("ordeal of multiple trials"; "Subjecting an individual to a second trial"). We have found only four appellate cases (one in this circuit) in which there was no previous trial, the defendant having pled guilty. *Rivers v. Lucas,* 477 F.2d 199 (6th Cir. 1973), vacated on other grounds, 414 U.S. 896, 94 S.Ct. 232, 38 L.Ed.2d 139 (1976); *United States ex rel. Betts v. County Ct. for La Crosse County,* 496 F.2d 1156 (7th Cir. 1974); *Hawk v. Berkemer,* 610 F.2d 445 (6th Cir. 1979); *Klobuchir v. Commonwealth of Pa.,* 639 F.2d 966 (3rd Cir. 1981). In none of these cases did the court discuss whether it should decline to entertain the petition for habeas corpus because the petitioner was not seeking relief against having to undergo a second trial. And in each there had been subsequent proceedings after the entry of the guilty plea and those proceedings had resulted in vacating the plea. The decisions thus do not hold that pretrial habeas corpus is available in every case where a double jeopardy claim is asserted, regardless of the nature of the previous proceedings.

The previous proceedings were minimal in this case. Not only was Stevens not tried for the offense that he asserts the state wants to try him for again, but he was not sentenced and there were no post-conviction proceedings (as distinct from the pretrial proceedings culminating in this appeal). This is not to say that it would not violate the double jeopardy clause to try Stevens for the same offense for which he was convicted on his plea of guilty; it would. See, e.g., *Ex parte Nielsen,* 131 U.S. 176, 9 S.Ct. 672, 33 L.Ed. 118 (1889). But it would be a less serious violation than if

Stevens' first conviction had followed a trial. "Undeniably, a defendant is considered to be convicted by the entry of his plea of guilty just as if a jury had found a verdict of guilty against him, and jeopardy therefore attaches with acceptance of his guilty plea. When this 'conviction' is erroneously overturned by the trial court, however, reinstatement of the 'conviction' or plea of guilty will not subject the defendant 'to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.'" *United States v. Hecht,* 638 F.2d 651, 657 (3rd Cir. 1981) (citations omitted). To try Stevens for the same offense to which he pled guilty would violate the double jeopardy clause but it would not flout "The policy of avoiding multiple trials," *United States v. Wilson,* 420 U.S. 332, 343, 95 S.Ct. 1013, 1021, 43 L.Ed.2d 232 (1975), which is the only objective of the double jeopardy clause that cannot be adequately protected by appeal from (or collateral attack on) a judgment of conviction in the second prosecution.

Although the right of a criminal defendant to complain about being put in double jeopardy is not affected by the fact that there was no trial the first time, provided a conviction was entered on his guilty plea, the issue on this appeal is not rights. It is remedies—how many shall be provided for their vindication and specifically whether the extraordinary remedy of pretrial habeas corpus shall be available to a criminal defendant who has not yet been put through the ordeal of a trial, or even the lesser ordeal of post-conviction proceedings as in the cases cited earlier in this opinion where a criminal defendant awaiting trial was allowed to raise a double jeopardy claim in a pretrial habeas corpus proceeding even though he had pled guilty rather than stand trial the first time.

■ The resolution of this remedial issue requires a comparison of inconveniences—the inconvenience to the defendant of having to stand trial for an offense of which he may already have been convicted and the incon-

venience to the state of having to interrupt and (unless the federal courts move with exceptional rapidity to decide the merits of the petition for habeas corpus—an inconvenience to the federal courts) delay its criminal proceedings in order to defend in federal court against a collateral proceeding to enjoin the trial. Where as in the present case the defendant is not being asked to stand trial a second time—where the first proceeding was as perfunctory as the Constitution allows a guilty-plea proceeding to be—the balance inclines in favor of the state's interest in being allowed to conduct its criminal proceedings without interruption by federal judges. *Younger v. Harris* teaches that federal courts should be slow to enjoin state criminal proceedings. Against this must be set the policy of effective enforcement of the rights conferred by the double jeopardy clause. We think the *Younger* policy is the weightier when the defendant is not being asked to undergo a second trial. This conclusion does not leave the defendant without remedy. Stevens had available to him, and invoked, pretrial remedies in the state courts, which rejected his double jeopardy argument after considering it on the merits. We do not think he was entitled to more—a federal collateral remedy doubly extraordinary because sought in advance of his state criminal trial.

The judgment of the district court denying the petition for habeas corpus is therefore modified to dismiss rather than deny the petition, and as so modified is affirmed. The motion to stay the petitioner's state court trial is denied.

SO ORDERED.