UNITED STATES of America ex rel. Harry Aleman, Inmate # 03792–164, P.O. Box 34550, Memphis, TN 38138–0550, Petitioner,

v.

The CIRCUIT COURT OF COOK COUNTY, Criminal Division, Illinois, Honorable Michael P. Toomin, Judge Presiding, Honorable James Ryan, Attorney General of Illinois, and Richard Devine, State's Attorney of Cook County, Illinois, Respondents.

No. 97 C 1514.

United States District Court,
N.D. Illinois,
Eastern Division.

May 5, 1997.

Allan A. Ackerman, Chicago, IL, for Petitioner.

James E. Fitzgerald, Renee Goldfarb, John Robert Blakey, Cook County State's Attorney, Chicago, IL, Arleen C. Anderson, Illinois Attorney General's Office, Criminal Appeals Division, Chicago, IL, for Respondents.

## MEMORANDUM OPINION AND ORDER

CONLON, District Judge.

Harry Aleman ("Aleman") petitions for habeas corpus pursuant to 28 U.S.C. § 2254, moves to stay criminal proceedings in the Circuit Court of Cook County pursuant to 28 U.S.C. § 2251, and moves to quash the execution of the State's writ of habeas corpus *ad prosequendum.* Aleman claims his imminent state court prosecution would violate his constitutional rights, including his rights under the Double Jeopardy Clause of the United States Constitution.

### BACKGROUND

On September 27, 1972, Billy Logan ("Logan") was shot to death. In December 1976, Aleman was indicted for Logan's murder. Following a bench trial in May 1977 before Judge Frank Wilson, Aleman was acquitted. In October 1975, Anthony Reitinger ("Reitinger") was shot to death. A grand jury of the Circuit Court of Cook County ("the circuit court") indicted Aleman for the Reitinger and Logan murders in December 1993.

Aleman moved to dismiss the indictments, arguing that the prosecutions are unlawful on double jeopardy, speedy trial, and estoppel grounds. The State responded that double jeopardy does not apply to Aleman's 1977 trial because Judge Wilson received a $10,000 bribe to acquit Aleman.

The circuit court issued an interim ruling in October 1994, denying dismissal of the indictments provided the State could prove the 1977 bribery. *People v. Aleman,* 93 CR 28786, 1994 WL 684499 (Ill.Cir.Ct., Oct.12, 1994). A final order was stayed pending the results of an evidentiary hearing on the alleged bribery. On October 19, 1994, the circuit court denied Aleman's motion to make the interim ruling final.

On February 9, 1995, the circuit court conducted an evidentiary hearing over Aleman's objection. On March 9, 1995, the court entered a final ruling, finding beyond a reasonable doubt that Judge Wilson was bribed during the 1977 trial. Accordingly, Aleman's motion to dismiss the indictments was denied.

Aleman appealed the circuit court decision. On June 18, 1996, an Illinois appellate court affirmed the circuit court, holding that: (1) the circuit court had jurisdiction to conduct an evidentiary hearing on the judicial bribe, and (2) the 1977 acquittal procured by bribery did not place Aleman in jeopardy. *People v. Aleman (Aleman I),* 281 Ill.App.3d 991, 217 Ill.Dec. 526, 667 N.E.2d 615 (1996). The court also issued a Rule 23 order in support of its decision. On October 2, 1996, the Illinois Supreme Court denied Aleman's petition for leave to appeal. *People v. Aleman (Aleman II),* 168 Ill.2d 600, 219 Ill.Dec. 567, 671 N.E.2d 734 (1996). The United States Supreme Court denied Aleman's petition for a writ of *certiorari* on February 18, 1997. *Aleman v. Illinois,* —— U.S. ——, 117 S.Ct. 986, 136 L.Ed.2d 868 (1997). Aleman filed this petition for habeas corpus on March 6, 1997, as well as motions to stay state court proceedings and to quash the execution of the State's writ of habeas corpus *ad prosequendum* on March 27, 1997.

### DISCUSSION

## I. EXHAUSTION OF REMEDIES AND PROCEDURAL DEFAULT

■■ Aleman must clear two procedural hurdles before the court may reach the merits of his habeas corpus petition: exhaustion of remedies and procedural default. *Rodriguez v. Peters,* 63 F.3d 546, 555 (7th Cir.1995) (citations omitted). A habeas corpus petitioner exhausts all state remedies when (1) he presents his claims to the highest state court for a ruling on the merits, *Farrell v. Lane,* 939 F.2d 409, 410 (7th Cir.1991), *cert. denied sub nom., Farrell v. McGinnis,* 502 U.S. 944, 112 S.Ct. 387, 116 L.Ed.2d 337 (1991), or (2) no state remedies remain available to the petitioner at the time his federal habeas petition is filed. *Id.* (citing *Engle v.*

*Isaac,* 456 U.S. 107, 125 n. 28, 102 S.Ct. 1558, 1570 n. 28, 71 L.Ed.2d 783 (1982)). Procedural default may occur in one of two ways. First, the petitioner may fail to raise fairly and properly an issue on direct appeal or post-conviction review. *Rodriguez,* 63 F.3d at 555 (citations omitted). Alternatively, the state court may rely on a state procedural bar as an independent basis for its disposition of the case. *Caldwell v. Mississippi,* 472 U.S. 320, 327, 105 S.Ct. 2633, 2637–38, 86 L.Ed.2d 231 (1985). The parties agree Aleman exhausted his state court remedies and did not procedurally default his claims.

## II. RIGHT TO INTERLOCUTORY REVIEW

Instead of relying on procedural default and exhaustion of remedies, the State contends the court should not consider the merits of Aleman's petition because: (1) the *Younger* abstention doctrine applies, and (2) Aleman has waived his right to a petition. Neither argument is persuasive.

### A. *YOUNGER* ABSTENTION

■ In *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), the United States Supreme Court held that equity and federalism concerns require the federal courts to abstain from enjoining state court criminal prosecutions. In *Justices of Boston Municipal Court v. Lydon,* 466 U.S. 294, 302–03, 104 S.Ct. 1805, 1810–11, 80 L.Ed.2d 311 (1984) (citing *Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977)), the Court carved out an exception to this general rule in the particular case of double jeopardy challenges. The Court noted that double jeopardy rights "cannot be fully vindicated on appeal following final judgment, since in part the Double Jeopardy Clause protects 'against being twice put to trial for the same offense.'" *Id.* at 303, 104 S.Ct. at 1810 (quoting *Abney,* 431 U.S. at 661, 97 S.Ct. at 2041). Accordingly, the Court held that the district court had properly exercised jurisdiction over a habeas corpus petition alleging a violation of the Double Jeopardy Clause, even though the State had not completed its prosecution of the defendant in state court. *Id.*

The State urges this court to create an exception to the double jeopardy exception described in *Lydon.* The State argues that equitable considerations weigh in favor of abstention in this case because the bribery of Judge Wilson leaves Aleman with unclean hands. In support of its position, the State cites *United States ex rel. Stevens v. Circuit Court of Milwaukee County,* 675 F.2d 946 (7th Cir.1982) and *Reimnitz v. State's Attorney of Cook County,* 761 F.2d 405 (7th Cir. 1985).

In *Stevens,* the defendant was convicted as a result of a plea bargain. Stevens subsequently faced additional charges and claimed the Double Jeopardy Clause prohibited the later prosecution. The state court rejected his arguments, and Stevens sought federal court review. The Seventh Circuit held that *Younger* abstention applied because Stevens had not actually been tried; he had merely pled guilty. The court noted that the purpose of providing relief through an interlocutory habeas corpus petition is to prevent a criminal defendant from suffering the hardship of a second trial. The court concluded that since Stevens had not yet experienced a first trial, equitable considerations weighed against interlocutory habeas corpus review of his double jeopardy claim. *Stevens,* 675 F.2d at 948–49.

The Seventh Circuit's decision in *Stevens* is not applicable here for two reasons. First, *Stevens* was decided before *Lydon,* and *Lydon* does not suggest an exception of the type described in *Stevens.* The Court weighed the relevant equitable considerations in this type of case and found that abstention is not warranted. The Court concluded that when a criminal defendant is acquitted and then faces another prosecution on the same charge, equitable considerations weigh in favor of a federal habeas court hearing an interlocutory double jeopardy challenge. *Lydon,* 466 U.S. at 302–03, 104 S.Ct. at 1810–11.

Second, *Stevens* is distinguishable in that Aleman did not plead guilty; he was actually tried. The State suggests Aleman did not really suffer through a trial because he bribed the judge. However, the "reality" of Aleman's trial is the very issue raised by

Aleman's habeas corpus petition. To decide whether Aleman's first trial was "real," the court would necessarily have to examine the merits, not merely the jurisdictional basis of Aleman's petition. Finally, *Reimnitz* is not helpful to the State because the Seventh Circuit actually considered the merits of the defendant's habeas corpus petition in that case. *Reimnitz*, 761 F.2d at 410. In short, the *Younger* abstention doctrine does not apply here.

### B. WAIVER

■ The State contends Aleman has waived his right to habeas corpus review because he bribed the judge who acquitted him. The State argues that federal courts may decline to exercise jurisdiction in exceptional circumstances where denying a federal forum would serve an important countervailing interest. *See, e.g., Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 813–14, 96 S.Ct. 1236, 1244–45, 47 L.Ed.2d 483 (1976). The State asserts Illinois has a strong public interest in the integrity of its judicial proceedings because of the particular circumstances of this case.

The State has not adequately explained why Illinois has a greater interest in this case than in other cases where a criminal defendant seeks interlocutory habeas corpus review on double jeopardy grounds. Judicial bribery is a serious offense, but that offense does not render the State's interest in its own double jeopardy proceedings more compelling than in situations involving other serious criminal conduct.

The State cites *United States v. Thevis,* 665 F.2d 616 (5th Cir.1982). In *Thevis,* the Fifth Circuit made the common sense observation that a criminal defendant waives his right to confront a witness when the defendant is responsible for murdering that witness. *Id.* at 630. However, the Fifth Circuit did not hold that the defendant had waived his right to have his claim heard on the merits. Rather, the court held that the right to confrontation, not the right to have the claim heard, had been waived. In the same

way, Aleman's petition for habeas corpus raises the question of whether he has waived his double jeopardy rights by bribing the judge who acquitted him. This question, like the Sixth Amendment question in *Thevis,* is not jurisdictional; it is inextricably linked to the merits of Aleman's petition. Thus, this basis for ignoring the merits of Aleman's habeas corpus petition is unpersuasive.

### III. STANDARD OF REVIEW

In 1996, Congress passed the Antiterrorism and Effective Death Penalty Act, which amended the standard of review applied to federal habeas corpus petitions from state courts. 28 U.S.C. § 2254. Under the new version of section 2254, Aleman must show either that: (1) the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" 28 U.S.C. § 2254(d)(1), or (2) the state court's decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

### IV. DOUBLE JEOPARDY

Aleman challenges both the Logan and Reitinger indictments on double jeopardy grounds. However, his arguments are ultimately without merit.[1]

### A. THE LOGAN PROSECUTION

Aleman attacks both the legal and factual basis of the circuit court's double jeopardy analysis. With respect to the facts, Aleman makes two claims. First, he contends the circuit court made an unreasonable determination of the facts in light of the evidence presented when it found that Judge Wilson accepted a bribe. 28 U.S.C. § 2254(d)(2). Second, Aleman asserts that no state court has explicitly found Judge Wilson's factual findings regarding Aleman's innocence to be erroneous.

---

1. The court notes Aleman's habeas corpus petition is unpersuasive under the old version of the statute as well.

With respect to the circuit court's finding that Judge Wilson accepted a bribe, Aleman must show by clear and convincing evidence that the circuit court's factual findings are erroneous. 28 U.S.C. § 2254(e)(1). At most, Aleman points to some statements by witnesses suggesting Judge Wilson was not bribed. However, Aleman's evidence falls far short of showing by clear and convincing evidence that Judge Wilson did not accept a bribe.

Next, Aleman asserts the Illinois courts have never explicitly found Judge Wilson's factual findings regarding Aleman's innocence to be erroneous. This begs the issue because the State had no right to appeal a finding of not guilty. *See, e.g., F.W. Standefer v. United States,* 447 U.S. 10, 22, 100 S.Ct. 1999, 2007, 64 L.Ed.2d 689 (1980) (citing *United States v. Ball,* 163 U.S. 662, 671, 16 S.Ct. 1192, 1195, 41 L.Ed. 300 (1896)). Moreover, Judge Wilson's findings relied heavily on subjective credibility determinations. It would be impossible to determine whether Judge Wilson's findings were actually erroneous. Accordingly, the lack of an explicit state court determination regarding Judge Wilson's factual findings is irrelevant.

Aleman argues that even if he bribed Judge Wilson, the Double Jeopardy Clause still protects Aleman from prosecution as a matter of constitutional law. Aleman contends an acquittal is an acquittal and that bribery should not affect the analysis of a double jeopardy claim. This is an issue of first impression. Neither party cites any state or federal decision previously addressing this particular question.

Aleman points to broad language in several United States Supreme Court opinions that appears to support his position. In *Arizona v. Washington,* 434 U.S. 497, 503, 98 S.Ct. 824, 829, 54 L.Ed.2d 717 (1978), the Court held that "[t]he constitutional protection against double jeopardy unequivocally prohibits a second trial following an acquittal ..." The Court noted that "the public interest in the finality of criminal judgments is so strong that an acquitted defendant may not be retried even though 'the acquittal [is] based upon an egregiously erroneous foundation.' " *Id.* (quoting *Fong Foo v. United*

*States,* 369 U.S. 141, 143, 82 S.Ct. 671, 672, 7 L.Ed.2d 629 (1962)). The Court observed that "[i]f the innocence of the accused has been confirmed by a final judgment, the Constitution conclusively presumes that a second trial would be unfair." *Id.*

Similarly, in *McCleskey v. Kemp,* 481 U.S. 279, 312 n. 33, 107 S.Ct. 1756, 1777 n. 33, 95 L.Ed.2d 262 (1987) (quoting Powell, *Jury Trial of Crimes,* 23 Wash. & Lee L.Rev. 1, 7–8 (1966)), the Court declared that despite the apparent injustice that an erroneous acquittal might have, "[t]he founding fathers, in light of history, decided that the balance here should be struck in favor of the individual." In *Kepner v. United States,* 195 U.S. 100, 128, 24 S.Ct. 797, 804, 49 L.Ed. 114 (1904), Justice Holmes explained that "a judgment in [defendant's] favor is final and conclusive...." In *Green v. United States,* 355 U.S. 184, 192, 78 S.Ct. 221, 226, 2 L.Ed.2d 199 (1957) (quoting *United States v. Ball,* 163 U.S. 662, 671, 16 S.Ct. 1192, 1195, 41 L.Ed. 300 (1896)), the Court held that a "verdict of acquittal [is] final and [cannot] be reviewed, on error or otherwise, without putting [the] defendant twice in jeopardy...." Finally, in *United States v. Jorn,* 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971), the Court found a double jeopardy violation when the prosecutor sought to reprosecute a defendant who was erroneously granted a mistrial. Aleman argues that these cases, taken together, establish that an acquittal is not reviewable even when a judge's mistake or misconduct is the cause of the acquittal.

The Illinois courts found Aleman's interpretation of this line of cases to be unpersuasive. The Illinois courts applied United States Supreme Court precedent reasonably in arriving at this conclusion and their rulings are correct as a matter of constitutional law. In the course of an exhaustive and thorough discussion of double jeopardy law, the Illinois courts identified two reasons for finding the Double Jeopardy Clause inapplicable in Aleman's case. First, an essential component of jeopardy is risk of conviction. *Aleman I,* 217 Ill.Dec. at 535, 667 N.E.2d at 624; *Aleman,* 1994 WL 684499, at *10. The Illinois appellate court explained that "[j]eopardy denotes risk. In the constitutional

sense, jeopardy describes the risk that is traditionally associated with a criminal prosecution." *Aleman I*, 217 Ill.Dec. at 535, 667 N.E.2d at 624 (quoting *Breed v. Jones*, 421 U.S. 519, 528, 95 S.Ct. 1779, 1785, 44 L.Ed.2d 346 (1975)). The court also pointed out that a "court may not apply rigid or mechanical rules in interpreting the [D]ouble [J]eopardy [C]lause." *Id.* (citing *Serfass v. United States*, 420 U.S. 377, 392, 95 S.Ct. 1055, 1064–65, 43 L.Ed.2d 265 (1975)). Based on this authority, the Illinois appellate court examined the circumstances behind Aleman's acquittal. It found that because of bribery, Aleman did not face the risk of conviction normally associated with a criminal prosecution. Thus, the court concluded that Aleman's 1977 acquittal did not place him in jeopardy. *Id.*, 217 Ill.Dec. at 537, 667 N.E.2d at 626.

The Illinois appellate court correctly concluded that Aleman dramatically reduced the risk of a conviction by bribing the trial judge. While Aleman did not completely eliminate the risk of conviction, *see, e.g.,* David S. Rudstein, *Double Jeopardy and the Fraudulently Obtained Acquittal,* 60 Mo.L.Rev. 607, 639–40 (1995), Aleman dramatically and illegally altered the playing field on which the decision would be made. It is sufficient that "Aleman clearly was not subject to the risk normally associated with a criminal prosecution." *Aleman I*, 217 Ill.Dec. at 537, 667 N.E.2d at 626. For that reason alone, jeopardy did not attach in Aleman's 1977 trial.

The Illinois appellate court noted an additional reason that jeopardy did not attach in this case. Namely, Judge Wilson not only corruptly decided Aleman's case; the trial itself was a sham. *Id.*, 217 Ill.Dec. at 535–36, 667 N.E.2d at 624–25. This is not a case where a judge or jury made a mistake of law or fact. Aleman and Judge Wilson manipulated the proceedings in such a way as to make the trial a nullity. Thus, the 1977 acquittal should not be accorded constitutional significance. *See, e.g., People v. Deems,* 81 Ill.2d 384, 43 Ill.Dec. 8, 410 N.E.2d 8 (1980).

■ Aleman responds that the State has waived its right to challenge his acquittal. Aleman asserts the State should have known that something was wrong with Judge Wil-

son's handling of the case not long after the acquittal, if not at the time of trial. In support of his position, Aleman points to his own unusual procedural maneuvering in getting Judge Wilson to preside over his case. However, Aleman does not adequately explain why the State should be punished for failing to question the motives of Aleman's attorneys. Aleman's waiver argument is without merit. Accordingly, Aleman cannot use the Double Jeopardy Clause as a basis for avoiding reprosecution of the Logan murder.

■ This Court cautions that its ruling is narrowly based on extraordinary facts. If the State can show beyond a reasonable doubt that a criminal defendant participated in the bribing of a judge to gain his own acquittal at a bench trial, the defendant may not use the Double Jeopardy Clause as a bar to a subsequent prosecution. *Cf. Bracy v. Gramley,* 81 F.3d 684, 689 (7th Cir.1996), *cert. granted in part,* ─── U.S. ───, 117 S.Ct. 726, 136 L.Ed.2d 643 (1997) (suggesting in dicta that the Double Jeopardy Clause does not bar the reprosecution of a defendant who has bribed a judge and been acquitted) (citing *Benard v. State,* 481 S.W.2d 427, 430 (Tex.Crim.App.1972) (the same)); *see also,* Anne Bowen Poulin, *Double Jeopardy and Judicial Accountability: When is an Acquittal not an Acquittal?,* 27 Ariz.St.L.J. 953 (1995); 22 Corpus Juris Secundum, "Criminal Law" Sec. 217. The Double Jeopardy Clause provides a fundamental protection in our system of justice. Exceptions must be extremely rare and must always be crafted with the utmost care and precision. The particular facts of this case provide one of those unusual occasions where double jeopardy protection is not implicated.

## B. THE REITINGER PROSECUTION

Aleman was never tried for Reitinger's murder. Rather, Aleman contends the federal government's offer to prove his complicity in Reitinger's murder during Aleman's 1977 sentencing for federal racketeering bars the State from prosecuting Aleman for the murder. Aleman further claims his 1990 guilty plea in another federal racketeering

case precludes the State from prosecuting him for the murder.

The Illinois appellate court correctly found these arguments unpersuasive for two reasons. First, the court noted "[a] federal prosecution does not bar a subsequent state prosecution of the same person for the same acts, and a state prosecution does not bar a federal one." *Aleman I,* 217 Ill.Dec. at 537, 667 N.E.2d at 626 (quoting *United States v. Wheeler,* 435 U.S. 313, 317, 98 S.Ct. 1079, 1082, 55 L.Ed.2d 303 (1978)). The racketeering prosecutions Aleman relies on both occurred in federal court. Thus, the State is not barred from prosecuting Aleman in state court.

Moreover, with respect to the 1977 sentencing, the federal prosecutor petitioned the court to sentence Aleman as a "special offender" pursuant to 18 U.S.C. § 3575, arguing that Aleman participated in Reitinger's murder. The federal trial court refused and sentenced Aleman only on the charges presented. Thus, as the Illinois appellate court properly noted, Aleman was not charged with or sentenced on the Reitinger murder in 1977. *Aleman I,* 217 Ill.Dec. at 537–38, 667 N.E.2d at 626–27. With respect to the 1990 racketeering case, the Illinois appellate court correctly found that jeopardy did not attach because Aleman's plea agreement explicitly denied any involvement in the Reitinger murder. *Id.,* 217 Ill.Dec. at 538, 667 N.E.2d at 627. Accordingly, Aleman may be prosecuted in state court for the Reitinger murder.

## V. JUDICIAL ESTOPPEL

Aleman contends the State is judicially estopped from arguing that bribery of a judge requires a new trial. Judicial estoppel applies where: "(1) the later position is clearly inconsistent with the earlier position; (2) the facts at issue are the same in both cases; and (3) the party to be estopped convinced the first court to adopt its position." *Capsopoulos v. Chater,* 95 C 3274, 1996 WL 717456, at *2 (N.D.Ill.Dec.9, 1996) (citing *Levinson v. United States,* 969 F.2d 260, 264 (7th Cir.1992), *cert. denied,* 506 U.S. 989, 113 S.Ct. 505, 121 L.Ed.2d 441 (1992)).

Aleman points to two cases where the State has argued that a defendant is not entitled to a new trial where a judge has accepted bribes. In *Bracy v. Gramley,* 81 F.3d 684 (7th Cir.1996), *cert. granted in part,* —— U.S. ——, 117 S.Ct. 726, 136 L.Ed.2d 643 (1997), the State argued that a defendant who did not bribe a judge was not entitled to a new trial simply because the judge had accepted bribes in other cases. In *Bracy,* the State did not argue that a defendant who bribes a judge cannot be tried again. Rather, the State argued that if a defendant did not bribe a judge, the defendant is not entitled to a new trial even if that same judge accepted bribes in *other* cases. The two positions are not analogous, let alone clearly inconsistent.

The State's position in *People v. Hawkins and Fields,* 85 C 7651; 85 C 6555, is also distinguishable from the position taken in this case. In *Hawkins and Fields,* the State argued that Hawkins, who bribed the trial judge but was nonetheless convicted after the judge returned the bribe money, is not entitled to a new trial. The State's position in that case is no different than the position taken here. Namely, the State argues that a defendant should not benefit from his own misdeeds. Moreover, the cases are factually distinguishable in that Hawkins and Fields were actually convicted. Accordingly, Aleman's judicial estoppel argument is without merit.

## VI. SPEEDY TRIAL

Aleman contends the State's delay in commencing the Logan and Reitinger murder prosecutions resulted in a violation of Aleman's Fifth and Sixth Amendment rights to due process and a speedy trial. Aleman's arguments are unpersuasive.

The Sixth Amendment right to a speedy trial reflects a concern for lengthy incarcerations that result in anxiety and limit a defendant's ability to mount a defense. *United States v. Ewell,* 383 U.S. 116, 120, 86 S.Ct. 773, 776–77, 15 L.Ed.2d 627 (1966). These concerns are not implicated until a defendant is arrested or formally charged. *United States v. Marion,* 404 U.S. 307, 315, 92 S.Ct. 455, 460, 30 L.Ed.2d 468 (1971). In

this case, Aleman's prosecution for the Reitinger murder began shortly after he was formally charged with the offense in 1993. Similarly, after his 1977 acquittal, Aleman was neither in custody nor charged with the Logan murder until the present prosecution. Thus, the state court correctly concluded that Aleman has not made out a Sixth Amendment speedy trial violation. *Aleman,* 1994 WL 684499, at *18.

 Aleman's Fifth Amendment due process claim fares no better. The Due Process Clause protects against oppressive pre-indictment delay. *United States v. Lovasco,* 431 U.S. 783, 789, 97 S.Ct. 2044, 2048, 52 L.Ed.2d 752 (1977); *Marion,* 404 U.S. at 324, 92 S.Ct. at 465–66. To prove a constitutional violation, Aleman must first show actual and substantial prejudice resulting from the delay. *United States v. Canoy,* 38 F.3d 893, 902 (7th Cir.1994). If Aleman satisfies this burden, the State must show the reasonableness of the delay. *Id.* The court then balances the State's reasons for delay against the prejudice suffered by Aleman in determining whether Aleman has been denied due process. *Id.*

The mere assertion of an inability to recall the events in question and a resulting difficulty in preparing for trial is not sufficient to establish actual and substantial prejudice. *Id.* Aleman has not provided any specific evidence of prejudice. Thus, Aleman's position is without merit for this reason alone.

Moreover, the State provides ample reason for the delay in prosecuting Aleman for the Logan and Reitinger murders. With respect to the Logan murder, part of the delay is attributable to Aleman's own actions. Namely, the State did not become aware of Aleman's bribery of Judge Wilson until long after Aleman's acquittal in 1977. In addition, the witnesses who could confirm the bribery did not become available to the State until 1993, which is when the State began its reprosecution of Aleman. Aleman asserts that one of the State's witnesses testified on behalf of the State in 1990. However, Aleman fails to refute the State's assertion (and the Illinois courts' finding) that both witnesses were not available to testify in this particular case until 1993. The Illinois

courts correctly concluded that the State's delay in prosecuting Aleman for the Logan murder was not unreasonable in light of the previous unavailability of the witnesses who could prove Aleman bribed Judge Wilson.

With respect to the Reitinger murder, the State did not have enough evidence to indict Aleman until Vince Rizza became available as a witness in 1993. While Reitinger's murder was a predicate offense in Aleman's 1990 federal racketeering prosecution, the federal prosecutor apparently recognized the weakness of this charge at the time; the charge was excluded from Aleman's plea agreement.

Aleman responds by combining his Fifth Amendment due process and Sixth Amendment speedy trial claims. He argues that the preindictment delay here is *per se* unconstitutional in the same way a similar post-arrest or post-charge delay would be unconstitutional. No court has recognized the constitutional interpretation Aleman suggests. Thus, the Illinois courts correctly rejected Aleman's argument. In short, the State has not violated Aleman's Fifth or Sixth Amendment rights by seeking a prosecution in the Reitinger and Logan murders after a lengthy delay.

## VII. FAILURE TO IMMUNIZE WITNESS

 Finally, Aleman contends the evidentiary hearing as to the bribery of Judge Wilson violated his due process rights because John Doe, the only living occurrence witness other than Aleman, was denied immunity. Aleman claims John Doe's testimony would have been entirely exculpatory.

The central problem with Aleman's argument is that John Doe sought immunity from a pending federal prosecution. The State of Illinois has no authority to grant immunity from a federal prosecution. *See generally, Abbate v. United States,* 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959). Moreover, the State did not threaten to prosecute John Doe for a state offense or use any other similar tactic to prevent John Doe from testifying. Thus, *United States v. Herrera–Medina,* 853 F.2d 564 (7th Cir.1988), is inapplicable. In short, Aleman's due process rights

were not violated by the State's failure to afford John Doe immunity.

### CONCLUSION

Harry Aleman's petition for habeas corpus is denied. Aleman's motion to stay Circuit Court criminal proceedings and to quash the execution of the State's writ of habeas corpus ad *prosequendum* is moot.